SPURLOCK, *Plaintiff in Error*, v. THE MISSOURI PACIFIC RAILWAY COMPANY.

### Division One, December 10, 1894.

1. **Practice:** PLEADINGS: EVIDENCE. The abandoned pleadings of a party are admissible in evidence against him on the trial.

2. ————: AMENDED INSTRUCTIONS: EXCEPTIONS. Exceptions to amendments made by the court to instructions asked by a party will not be reviewed on appeal, where the amendments are not set forth in the bill of exceptions.

3. **Agency:** BURDEN OF PROOF. One is not bound by the acts of another, who is not his agent, and it devolves upon the party asserting such agency to prove it.

*Error to Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*R. F. Walker* and *James A. Spurlock* for plaintiff in error.

It is believed that the law of this case, and the right of the plaintiff to recover damages, was settled by this court on proper proof, in the cases reported in 93 Mo. 530, and in 104 Mo. 658.

*W. S. Shirk* for defendant in error.

(1) The former petitions, though supplanted by amended ones, were competent evidence against plaintiff, as admissions, especially as they were all signed by plaintiff personally. *Anderson v. McPike*, 86 Mo. 293; *Bailey v. O'Bannon*, 28 Mo. App. 39; *Nichols & Co. v. Jones*, 32 Mo. App. 657; *Dowzelot v. Rawlings*, 58 Mo.

75.  (2) *First.*  Even if the court had amended plaintiff's instructions, as he indicates by the brackets in his abstract of the record, those amendments were right. The instructions would have been too vague and indefinite without these amendments.  But, as stated in our additional abstract of the record, these amendments can not be considered, as the record does not show how the court amended them, if at all, and there was no exception saved to the refusal of the court to give them as asked, nor to giving them as amended.  The exception was as to the amendments, and the record does not show what these amendments were.  *Second.*  The objection to defendant's first instruction is not well taken, as there was evidence on which to base it. Plaintiff stated in his evidence, that the defendant's agents only permitted him to put one hundred and fifty ties on a car, and proposed to charge him twenty-five cents per tie.  This was approximately the $40 per car complained of in his petition.  An exorbitant rate of freight did not justify him in abandoning his contract. *Spurlock v. Railroad,* 93 Mo. 530.  Even had there been no evidence supporting it, the giving was, at most, a harmless error.  *Keen v. Schnedler,* 92 Mo. 516; *Brooks v. Railroad,* 35 Mo. App. 571.  *Third.*  The instructions, taken as a whole, fairly presented plaintiff's case to the jury.  This is all he had a right to require at the court's hands.  *State v. Mathews,* 98 Mo. 125; *Reilley v. Railroad,* 94 Mo. 600; *Harrington v. City,* 98 Mo. 583.

BRACE, J.—This suit was first instituted on the sixth day of January, 1881, in the circuit court of Morgan county, Missouri, for a penalty of $1,000 under the statute for overcharges; also, for preventing plaintiff from shipping his railroad ties.  It was tried in the Morgan circuit court and the plaintiff recovered.  The

defendant obtained a new trial and took a change of venue to Hickory county circuit court with leave to plaintiff to file an amended petition. The plaintiff then changed his action from the statutory action for a penalty to a common law action for refusing to receive and ship his ties to Kansas City, Missouri, and for charging such high freights and obstructing their tie yards so that the plaintiff could not bring his ties in to ship, etc. There was also a count for overcharge on what ties were shipped for plaintiff.

The case was tried in the circuit court of Hickory county in November, 1883, and the plaintiff recovered judgment on the first count for $5,000, and on the second count for overcharges for $149.50.

The defendant appealed, and the supreme court reversed the judgment on the first count and affirmed it on the second count. 93 Mo. 530. It was remanded to the Hickory county circuit court and there the defendant filed a motion to dismiss the suit because it had been changed from a statutory action for discrimination to an action for refusing to receive and ship plaintiff's ties. The court sustained the motion. The plaintiff then took the case to the supreme court and this court reversed the judgment and remanded the cause for further trial. 104 Mo. 658.

The suit was again tried in the circuit court of Hickory county in November, 1893, and the plaintiff being defeated brings the case again before this court by writ of error. The foregoing is the statement of the plaintiff slightly amended. It will be sufficient for the purposes of this opinion.

I. Several objections are suggested here to the action of the court in admitting evidence for the defendant and rejecting evidence for the plaintiff, but on examination of the bill of exceptions we find the action of the court in this regard excepted to by the

plaintiff in but one instance and that was to the admission of his previous petitions in this case offered in evidence by the defendant. There was no error in admitting this evidence. It was admissible under the uniform rulings of this court. *Dowzelot v. Rawlings*, 58 Mo. 75; *Anderson v. McPike*, 86 Mo. 293; *Schad v. Sharp*, 95 Mo. 573; *Snyder v. Railroad*, 112 Mo. 527.

II.   The instructions given for the plaintiff are set out in the bill of exceptions, followed by a note to the effect that the plaintiff objected to the amendments made thereto by the court on its own motion, that his objections were everruled and that he excepted to such rulings. But it nowhere appears in the bill of exceptions what amendments, if any, were made to those instructions and we can not tell whether they were or were not objectionable.

III.   The plaintiff says in his brief that all the instructions given for the defendant are faulty and misleading, but fails to point out wherein they are faulty, except that he says that "the last one or the one next to the last," "placed plaintiff out of the court if the jury believed that W. C. Thomas was a contractor for railroad ties for defendant." It must be the last one to which he refers, in which we alone find that name mentioned, and upon reading it we find no serious error in it. It simply told the jury that the defendant was not bound by the acts of Thomas unless they found he was its agent, and that it devolved upon plaintiff to prove that fact. The plaintiff having failed to point out any error of the court for which the judgment should be reversed the same is affirmed. All concur.