## LOUIS SINGER, Respondent, v. AMERICAN EX-PRESS COMPANY, Appellant.

### Kansas City Court of Appeals. January 26, 1920.

1. **COMMON CARRIERS: Perishable Fruit: Loss or Damage: Insurer.** Strawberries are a perishable fruit and a carrier of such freight is not an insurer against loss or damage.

2. ————: ————: **Negligence: Refrigerator Cars.** Though a. carrier of perishable fruit is not an insurer against loss or damage, yet if he undertakes to transport such character of freight, it is implied that he will not be negligent and that he will exercise such care and diligence as will be reasonably necessary to protect it, as for instance the icing of refrigerator cars.

3. ————: ————: ————: **Rule in Federal Courts.** In interstate shipments of freight, perishable or not perishable, the rule as established by the federal courts governs and under that rule the carrier is not an absolute insurer against loss or damage, he was powerless to prevent. To make liability there must be some element of negligence—the loss must be caused by the carriers.

4. ————: **Insurer: Causes of Loss.** A carrier is not an insurer of perishable fruit, *if* the loss is caused by perishing; but he is an insurer against loss for any other cause save the act of God and the public enemy.

5. ————: **Plaintiff's Own Evidence Showing Decay.** In an action brought against a common carrier for loss of berries, solely as an insurer and the plaintiff's own evidence shows the loss was occasioned by the decay of the berries from their perishable nature, no case is made and the carrier should be discharged.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

REVERSED.

*Hal R. Lebrecht, J. R. Kaspar* and *Lloyd E. Barber* for respondent.

*Lathrop, Morrow, Fox & Moore, Geo. J. Mersereau* and *Geo. H. Muckley* for appellant.

ELLISON, P. J—This action was instituted to recover damages alleged to have been sustained by plaintiff to a carload of strawberries which were shipped from Hammond, Louisiana, to Kansas City, Missouri, on the 15th of April, 1918. The judgment in the trial court was for the plaintiff.

The action is avowedly based solely on a carrier's common-law liability as an insurer. Nothing was shown by plaintiff save that the berries were shipped from Hammond in good condition and that they arrived in Kansas City in bad condition and the amount of damages. There is no pretense of liability by reason of any negligence, or want of care in transit.

When plaintiff made proof of shipment in good condition and arrival at destination in bad condition, together with the damage to the berries, he closed his case and defendant offered a demurrer to the testimony which the trial court overruled. Whereupon defendant introduced evidence tending to show a regular bill of lading for the shipment and that there was no negligence. In keeping with his position that defendant was an absolute insurer, plaintiff did not offer any evidence in rebuttal and defendant again offered an instruction directing a verdict for it. So we are brought to the sole question whether a carrier is an insurer at common law against damage to freight which is perishable by its own inherent nature. We decided at this term in a case involving the freezing of potatoes in transit (Clemons Produce Co. v. Railroad) that he was not, and we stated the same rule in Kolkmeyer v. Railroad, 192 Mo. App. 188, 195; Cudahy Co. v. Railroad, 193 Mo. App. 572 and Collins v. Railroad, 181 Mo. App. 213, and this is established law; Brennisen v. Railroad, 100 Minn. 102, 105; Daniels v. Railroad, 88 Oregon, 421, 427, 429; Michellod v. Railroad, 86 Oregon, 329, 335-338.

The foregoing cases, while denying that a carrier is an insurer at common law of perishable fruit or commodities inherently subject to decay or loss, yet hold that where he engages to carry such articles (with no

exemption) it is implied that he will not be negligent, that he will exercise such care and diligence as will be reasonably necessary for the safe carriage of that character of freight. [Brennisen v. Railroad, supra; Taft Co. v. Express Co., 133 Iowa, 522; cases involving agreement to ice berries in refrigerator cars.]

But so far as concerns the case before us, it must be kept in mind that the shipment in question was interstate, and that the rule governing defendant's liability must be sought in the "Acts of Congress" and the "common law as accepted and applied in the federal tribunals." [Cincinnati & Tex. Pac. Ry. v. Rankin, 241 U. S. 319, 327.]

Before the Carmack amendment to the interstate commerce law, it was said in Adams Express Co. v. Croninger, 226 U. S. 491, 504, that "the rule of a carrier's liability, for an interstate shipment of property, as enforced in both Federal and State courts, was either that of the general common law as declared by this court and enforced in the Federal courts throughout the United States, or that determined by the supposed public policy of a particular State, or that prescribed by statute law of a particular State, neither uniformity of obligation nor of liability was possible until Congress should deal with the subject." That State of affairs led to the adoption of the amendment which, the court said, (p. 505) superseded "all the regulations and policies of a particular State on the same subject . . ." The court then asked, (p. 506) what is this liability thus imposed upon the carrier? and answered the question in these words: "It is a liability to any holder of the bill of lading which the primary carrier is required to issue 'for any loss, damage or injury to such property caused by it,' or by any connecting carrier to whom the goods are delivered. The suggestion that an absolute liability exists for every loss, damage or injury, from any and every cause, would be to make such a carrier an absolute insurer and liable for unavoidable loss or damage though due to uncon-

trollable forces.  That this was the intent of Congress is not conceivable.  To give such emphasis to the words, 'any loss or damage,' would be to ignore the qualifying words, 'caused by it?'  The liability thus imposed to 'any loss, injury or damage caused by it or a succeeding carrier to whom the property may be delivered,' and plainly implies a liability for some default in its common-law duty as a common carrier.''

It seems this expression of the court, in its entirety, has been misunderstood.  For afterwards, in Cincinnati & Tex. Pac. Ry. v. Rankin, 241 U. S. 319, 326, the court only quoted the last sentence therein and then said that *"Properly understood* neither this nor any other of our opinions holds'' that the Carmack amendment changed the common-law doctrine in respect to a carrier's liability.  (Italics ours).  In the Croninger case, Justice LURTON, we think did not intend to say that the common-law liability of the carrier was restricted by the amendment, but merely meant that the amendment did not enlarge that liability by making the carrier absolutely responsible for every loss, from every cause and thereby become an absolute insurer ''against every loss,'' though due to uncontrollable forces.    For that character of liability would hold the carrier responsible for a loss caused by the act of God, the public enemy or the inherent vice or perishable nature of the freight.  The liability imposed by the amendment in the use of the words, ''cause by it,'' is a liability arising from some default in its common-law duty as a common carrier.  That is to say, those words mean the carrier must have done some act not justified by the common law, or omitted to do some act required by that law, which caused the loss.

If the carrier is not remiss in any common-law duty towards the shipment, yet a loss follows, such loss is not caused by the carrier in the sense of the statute. It is the common-law duty of a carrier to bring a shipment safely through at all hazards, save the act of God, the public enemy, or the inherent nature of the freight.

The fact first shown by the shipper of receipt in good condition and delivery in bad condition, is a prima-facie showing that the carrier has failed in this common-law duty and to escape liability he must show that the shipment falls within the exception, unless, of course, the shipper's own evidence makes that showing.

A carrier is not an insurer of perishable fruit, *if* the damage is caused by it perishing. But he is an insurer in all other respects just as if it were not perishable; as, for instance, it be injured in a wreck, or fire, or any other cause not the act of God, or the public enemy.

Therefore it is not correct to say, broadly, that a carrier is not an insurer of perishable fruit; and it follows that he should exculpate himself by showing that the loss charged resulted from perishing, and the burden is on him to do that, unless the case made by plaintiff shows it. In this instance plaintiff himself has shown that the berries were damaged by reason of their perishable nature and therefore defendant is not liable in the character he was sued, viz, an insurer.

The result is that the judgment is reversed. All concur.