THE STATE ex rel. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

Division One, December 31, 1923.

1. **SHIPMENT:** Destruction by Fire: Pleading Liability as Insurer and Negligence. Where plaintiff alleges the receipt for shipment of his automobile by defendant as a common carrier and a failure to deliver the same, and also alleges that it was lost by fire due to the negligence of defendant, he must prove the negligence charged, and the case cannot be submitted to the jury on the theory that the carrier was liable as an insurer.

2. ———: ———: Averment of Common-Law Liability: Allegation of Negligent Acts of Carrier and Transfer Company: Amendment. Plaintiff's petition alleged that he delivered his automobile to defendant warehouse company to be forwarded to a distant city; that said company accepted it and undertook to deliver it to defendant railroad company, which undertook to carry it to said city and re-deliver it there to him; that defendants placed the automobile in an inclosed freight car, in which were other automobiles; that their employees entered said car for the purpose of preparing said machine for shipment, and negligently carried a lighted lantern, and negligently undertook to drain gasoline from one or more of said automobiles, while said lighted lantern was nearby; that the gasoline, when so drained, became ignited from said near-by lighted lantern and thereby an explosion and fire were caused, which completely destroyed said automobile. After the evidence

State ex rel. A. T. & Santa Fe Ry. Co. v. Trimble.

was in and before-verdict plaintiff, by interlineation, amended said petition by adding, just after the charge that the railroad had undertaken to re-deliver the car to him at said distant city, an allegation that the defendant railroad had never re-delivered said car to him at such city or any other place, and dismissed as to the warehouse company. *Held*, that, while a common carrier is at common law an insurer of the goods delivered to it for shipment, and negligence need not be averred for failure to re-deliver, the petition, having alleged what became of the automobile and that it was destroyed through defendant's negligence, stated a cause of action for negligence, and plaintiff must prove the negligence charged; and the Court of Appeals in ruling that the case was properly submitted to the jury on defendant's common-law liability as an insurer contravened the decisions of the Supreme Court in Witting v. Railroad, 101 Mo. 641, and Standard Milling Co. v. Transit Co., 122 Mo. 258.

*Certiorari* to Kansas City Court of Appeals.

OPINION QUASHED.

*Cyrus Crane, George J. Mersereau, John H. Lathrop, Richard S. Righter* and *Winston H. Woodson* for relator.

The Kansas City Court of Appeals failed and refused to follow controlling decisions of this court when it sanctioned the submission of a case to the jury on a general instruction of liability where in the petition specific allegations of negligence are made. Cloyd v. Wabash Railroad Co., 240 S. W. 885; Witting v. Railroad Co., 101 Mo. 631; Pointer v. Mountain Ry. Const. Co., 269 Mo. 104; McGrath v. Transit Co., 197 Mo. 97; State ex rel. Natl. Newspapers' Assn. v. Ellison, 176 S. W. 11; Roscoe v. St. Ry. Co., 202 Mo. 576; Black v. Met. St. Ry. Co., 217 Mo. 672; Bank v. Murdock, 62 Mo. 73; Smith & Sons v. Ry. Co., 177 Mo. App. 269; Robinson v. Bush, 199 Mo. App. 184; Haase & Son v. Dispatch Co., 143 Mo. App. 42.

*Brown Harris* for respondents.

The Kansas City Court of Appeals neither failed nor refused to follow controlling decisions of this court, and

10     SUPREME COURT OF MISSOURI,

State ex rel. A. T. & Santa Fe Ry. Co. v. Trimble.

relator is in no position to complain of the result for the following reasons: (1) Even if the cases cited by relator had any application relator was estopped to complain in having himself instructed upon the insurer theory. Huss v. Bakery, 108 S. W. 66; Price v. Town of Breckinridge, 92 Mo. 387; Holmes v. Braidwood, 82 Mo. App. 610; Marks v. Davis, 72 Mo. App. 557; Mitchell v. Railway, 97 Mo. App. 426; Leabo v. Goode, 67 Mo. 134. (2) The opinion of the Court of Appeals has announced no general principle of law contrary to the last announcement of this court upon the subject, nor has it on a given state of facts announced and applied a conclusion of law contrary to a conclusion of this court on a similar state of facts. State ex rel. v. Reynolds, 235 S. W. 90; State ex rel. v. Allen, 242 S. W. 679; State ex rel. v. Reynolds, 214 S. W. 122.

SMALL, C.—The relator claims that the majority opinion of the Kansas City Court of Appeals, in a suit against relator Railroad Company and a warehouse company, for damages for failure to deliver plaintiff's automobile placed with said defendant for shipment, was erroneous, because the petition on which the case was tried was based on a single cause of action, alleging specific acts of negligence, whereas the plaintiff recovered, without being required to prove any such specific acts of negligence, on the theory that said petition contained two counts, one against defendant on the contract of shipment, as an insurer, and the other for negligently failing to deliver the automobile. That the majority of the opinion is in conflict with numerous opinions of this court, which are stated in the relator's application and brief. The issues are sharply drawn and clearly presented by the majority opinion of the Court of Appeals, on motion for re-hearing, and the dissenting opinion, which are as follows:

MAJORITY OPINION ON RE-HEARING.

"After going over this case again, we have decided that we arrived at the correct conclusion on the original submission of the cause, as shown by the foregoing opinion.

"That language of the petition charging negligence was not changed at the close of the testimony, when plaintiff dismissed as to the Storage Company and amended his petition by interlineation so as to definitely state a cause of action against the Railway Company upon the contract of bailment (the insurer theory). So the petition, so far as the negligence alleged, remained the same.

"In fairness to both parties, we shall state the material parts of the petition, as it stood, both before and after the amendment. The amendment is in italics.

" 'That on or about October 26, 1920, plaintiff delivered all of said personal property (the automobile and equipment thereon) to defendant A. B. C. Fireproof Warehouse Company, at Kansas City, Missouri, to be forwarded from Kansas City, Missouri, to Los Angeles, California.

" 'That the said defendant A. B. C. Fireproof Warehouse Company on or about said date, for hire, accepted said personal property and undertood to deliver same to defendant Atchison, Topeka & Santa Fe Railway Company, at Kansas City, Missouri, to be carried by said Railway Company from Kansas City, Missouri, to Los Angeles, California. That the said defendant, Atchison, Topeka & Santa Fe Railway Company, as a common carrier for hire, on or about said date accepted said personal property and undertook to carry same from Kansas City, Missouri, to Los Angeles, California, and to redeliver same to plaintiff, or his agent, at Los Angeles, California. *That defendant Atchison. Topeka & Santa Fe Railway Company, has never re-delivered said personal property or any part thereof to plaintiff or his agent at Los Angeles, California, or at any place.*

" 'That on or about the date aforesaid, the defendants placed the said personal property in an inclosed

freight car of the defendant Railway Company at Kansas City, Missouri, along with other property, including other automobiles and equipment. That thereafter, defendants, their agents and employees, entered said freight car for the purpose of preparing said property for shipment and negligently carried a lighted lantern in said freight car and negligently undertook to drain and remove the gasoline from one or more of the automobiles in said car while said lighted lantern was nearby, when they knew or by the exercise of ordinary care should reasonably have anticipated that there was imminent danger of said gasoline and the gas, vapor and fumes therefrom becoming ignited by the flame in said lantern, and imminent danger of a dangerous explosion and fire directly resulting therefrom which would cause damages to the property in said car, including plaintiff's property.

"That while defendants and their agents and employees were in the act of draining and removing the gasoline from one or more of said automobiles with said lighted lantern nearby, as aforesaid, said gasoline and the gas, vapor and fumes therefrom became ignited by the flames in said lighted lantern, thereby directly causing an explosion and fire which directly caused a total loss, destruction and damage to plaintiff's said property.

" 'That all of said loss and damage was directly caused by the aforesaid negligence of defendants, their agents and employees. That the aforesaid negligent acts of said agents and employees were performed by them while they were engaged in, upon and about the business of the defendants, and within the line and scope of their respective authority and employment as the agents and employees of the respective defendants.

" 'That the value of plaintiff's said property at the time and place of said loss was three thousand dollars.

" 'That by reason of the facts aforesaid, plaintiff has been damaged in the sum of three thousand dollars, for which sum, with the costs of said suit, plaintiff prays judgment against defendants.'

"At the outset, let us say that it is not easy to judge what facts or theories were alleged in the petition, either before or after the amendment, but the best we can make of it is this:

"The original petition alleged delivery of the automobile by plaintiff to the Storage Company with authority to deliver it to the defendant Railway Company to be carried to Los Angeles; that it was delivered to the Railway Company which contracted to carry it to Los Angeles and to there re-deliver it to plaintiff; that *after* the automobile had been delivered to the Railway Company the agents of *both* defendants entered the freight car 'for the purpose of preparing said' automobile 'fo.' shipment' and negligently caused its destruction by fire. In the original petition there was no allegation that the Storage Company was acting within the course of its employment as agent of plaintiff in preparing the automobile for shipment after it had been delivered to defendant, but only that the agents or employees of the Storage Company were acting for the latter when the automobile was negligently destroyed, thereby attempting to allege facts showing the Storage Company was liable to plaintiff for the acts of negligence of its employees. There is no agency, as between plaintiff and the Storage Company, alleged as existing after the delivery of the automobile by the Storage Company to the Railway Company. There is nothing inconsistent with the idea that there can be delivery of property to a carrier for shipment, so as to create the relationship of shipper and carrier, where the loading is to be performed by the carrier and not by the shipper or his agent. [1 Hutchinson on Carriers (3 Ed.) pp. 109, 110, 117.] We cannot construe the petition, either before or after its amendment, to first allege that there was a delivery of the automobile to the carrier for shipment, followed by allegations of facts showing no delivery, when the car was destroyed. Such a construction of the language of the petition would make its allegations self-destructive and would be a strained construction. Neither does the original petition directly allege that

after the delivery to the carrier plaintiff, through his agent, the Storage Company, duly authorized, was preparing the automobile for shipment at the time it was burned.

"What change then was made when plaintiff amended his petition at the end of the evidence? Defendant urges that the petition, even after the amendment made at the close of the testimony, does not state a cause of action on the contract of shipment (the insurer theory). Plaintiff inserted the amendatory words immediately after the allegations of delivery to the carrier found in the original petition. Now, it is apparent that plaintiff intended when he made this amendment, to allege a cause of action on the contract, and we think he did allege it, if he had not already done so. As before stated, when he made the amendment, he dismissed as to the Storage Company (that company was not bound on the contract of shipment) and submitted the case solely on the insurer theory. He therefore abandoned the cause of action based on negligence. It was wholly unnecessary to allege by way of amendment a lack of delivery to complete the cause of action based on negligence, for it had already been alleged that the automobile was destroyed. The amendment was made for some purpose, and the only object plaintiff could have had in making it was to specifically allege a lack of re-delivery at Los Angeles immediately following the language in the petition as to delivery at Kansas City. We are required to construe the petition favorably to plaintiff. [Vogelgesang v. St. Louis, 139 Mo. 127, 139.]

"Defendant insists that plaintiff is conclusively bound by the allegation in the amended petition to the effect that the automobile had not been fully delivered to the defendant for shipment at the time of the loss, and therefore there could be no recovery under the insurer theory. There is no question but that, if the admission contained in the part of the petition alleging a cause of action on account of the negligent destruction of the automobile showed that there was no immediate delivery of

the automobile to defendant for shipment at the time of its destruction, and if plaintiff were conclusively bound by such allegations, he could not recover upon the insurer theory. But, from what we have said, the petition alleges a completed delivery at that time. The amended petition states in one count two causes of action; one on the insurer theory and one on negligence. When plaintiff amended his petition, so as to definitely state a cause of action on the insurer theory alone, plaintiff thereby abandoned the cause of action alleged based upon negligence. Even had plaintiff alleged there had been no completed delivery to the carrier at the time the automobile was destroyed, we do not think that he would be conclusively estopped by the allegations of the abandoned cause of action. [Nichols, Shepard & Co. v. Jones, 32 Mo. App. 657, 664; Schad v. Sharp, 95 Mo. 573; Spurlock v. Mo. Pac. Ry. Co., 125 Mo. 404.]

"Defendant strenuously insists that plaintiff, having alleged specific acts of negligence following the allegations bringing the cause under the insurer theory, is bound by the specific acts alleged and must be held to have abandoned the insurer theory. Defendant cites in support of the contention cases holding that where plaintiff pleads general acts of negligence, followed by specific acts, he cannot rely on the former, but must prove and submit his case on the latter. We do not think these cases are in point. The cause of action under the insurer theory is based upon contract and not negligence, either general or specific.

"There is nothing in defendant's point that the evidence shows that Hulse and Richardson were authorized agents of plaintiff to make delivery of the automobile to defendant and therefore they had the implied authority to drain the gasoline. Conceding that the evidence shows that the Storage Company had implied authority to prepare the automobile for shipment, either before or after its delivery to the defendant, the agent of plaintiff was the Storage Company, which acted through its foreman. There was ample evidence that the foreman had nothing

to do with the draining of the gasoline. Hulse and Richardson were common laborers. The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* dissents.

*"Ewing C. Bland, J."*

DISSENTING OPINION ON MOTION FOR RE-HEARING.

"Being obliged to adhere to my former dissent in this case, it is perhaps well to state at least the chief ground thereof.

"Originally, the case was against the Warehouse Company and the Railroad Company, based upon specific acts of negligence charged against both defendants. At the close of plaintiff's evidence, he dismissed as to the Warehouse Company and amended his petition, intending apparently (judging from the course thereafter pursued) to state a cause of action against the Railroad Company, based upon its common-law liability, as a carrier. Said defendant objected to any amendment of the petition or change to the latter cause of action, and asked that, if the amendment be permitted, it be given time to meet the situation by proper pleadings and to secure the necessary evidence applicable thereto. All of these objections and requests were overruled and denied, the defendant Railway Company duly saving its exceptions.

"The amendment was an interlineation in the petition immediately after the allegations relative to defendant's acceptance of and agreement to carry the automobile, whereby there was inserted in said petition an allegation to the effect that the Railway Company never redelivered said property to plaintiff or his agent at Los Angeles or anywhere else. The specific acts of negligence charged in the original petition remained in the petition as amended. Plaintiff having made his interlineation and rested, and defendant's objections and requests for a continuance having been overruled, the defendant offered a demurrer to the evidence, which was overruled. Whereupon, after excepting thereto, defendant an-

nounced it was unable to proceed further with the evidence at this time, but was required to rest its defense. Defendant then again asked a peremptory instruction in the nature of a demurrer directing the jury to find for defendant, and this was overruled.

"The case was then submitted to the jury on the defendant's common-law liability as an insurer with the result indicated in the majority opinion.

"Whatever may have been the pleader's intention, it seems to me that the amended petition still states a case based on negligence. The general allegation, that the railroad failed to re-deliver the property to plaintiff, is followed by allegations charging specific negligence whereby the property was destroyed, thus disclosing the wrong done and why the property was not re-delivered. The situation is similar to that wherein a petition alleges negligence in general terms and follows this with charges of specific negligence. In such case, the cause of action stated is based upon, and must be confined to, the specific acts of negligence alleged. This is well settled. The petition, therefore, bottoms the case on negligence and consequently the submission must follow the case as pleaded. [Cloyd v. Wabash Ry. Co., 240 S. W. 885, 886, and cases cited.]

"The foregoing is sufficient to prevent an affirmance of the judgment, hence it is unnecessary to, at this time, pass upon defendant's ultimate liability or upon other points involved. I, therefore, respectfully dissent.

"*Francis H. Trimble, P. J.*"

The decisions of this court, with which the majority opinion is said to be in conflict, are, among others, Witting v. Railroad, 101 Mo. 631, and Stanard Milling Co. v. Transit Co., 122 Mo. 258.

In the Witting Case, the statement before the justice was an account against defendant, as follows: "To damages in negligently breaking soda apparatus shipped May 2, 1884, from Oswego, Kansas, to St. Louis, Missouri, two hundred dollars." BLACK, J., delivered the opinion, and it was held that, while a common-carrier is

an insurer of the goods delivered to him at common law, and negligence need not be averred for failure to make delivery, still, if the petition is based on negligence, negligence must be proved as alleged to warrant recovery.

In the Stanard Milling Case, opinion by BURGESS, J., the case is stated as follows, at page 263: "This is an action against the defendant on its common-law liability as a common carrier. The petition alleges that defendant 'is a common carrier for goods for hire and as such received from plaintiff certain flour to be carried to New York, and there delivered to plaintiff.' It also avers that defendant carried the flour to New York, but did not deliver it to plaintiff, but stored it; that it reached its destination on the 27th, 28th and 30th days of March, 1889, and was, on the 19th of April, 1889, while in defendant's possession, by reason of the failure of defendant to exercise reasonable and ordinary care of the flour while so stored, destroyed and lost to plaintiff. The value of the flour, at the time of its destruction, is alleged to be, $2542.50." The court ruled this was a petition founded on negligence, and the negligence had to be proved by the plaintiff. On this point the court said, at pages 275-6: "In a case where a bailee has neglected to deliver property to the bailor on demand, and no allegation is made by the plaintiff, in an action for a conversion of the property, that it has been lost or destroyed by reason of the negligence of the defendant, the burden of proof rests on the defendant to account for the property. [Goodfellow's Exrs. v. Meegan, 32 Mo. 280; Wiser v. Chesley, 53 Mo. 547.] But if the plaintiff alleges, in his petition, what has become of the property, and avers that it was lost or destroyed through negligence or carelessness on the part of the bailee, the burden of proof rests upon him. . . So far as this question is concerned, it is not easy to discover any distinction between the Witting Case and the case at bar."

In the case we have before us, the plaintiffs, as in the Milling Company Case, not only averred the receipt of the

goods by the railroad company as a common-carrier and a failure to deliver same, but undertook to allege what had become of the property and that it was lost by fire through the negligence of the carrier. It was, therefore, incumbent upon the plaintiff to prove the negligence he charged. It follows that the opinion of the majority of the Court of Appeals, is in conflict with the foregoing cases decided by this court, and, therefore, it must be quashed in so far as it holds said amended petition stated a cause of action independently of the allegations of negligence therein contained. It is so ordered. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur; *Ragland, J.,* in the result.