OZARK FRUIT GROWERS ASSOCIATION, A CORPORATION, PLAINTIFF IN ERROR, v. ST. LOUIS-SAN FRANCISCO R. R. CO. AND ATCHISON, TOPEKA AND SANTA FE R. R. CO., DEFENDANTS IN ERROR.—46 S. W. (2d) 895.

Springfield Court of Appeals. February 4, 1932.

*D. S. Mayhew* for plaintiff in error.

*Cyrus Crane, Geo. J. Mersereau* and *Mercer Arnold* for defendant in error Santa Fe Ry. Co.

224

*E. T. Miller* and *Mann, Mann & Miller* for defendant in error Frisco Ry. Co.

COX, P. J.—Suit for damages resulting to a carload of strawberries shipped by plaintiff from Everton, Missouri, to a party at Topeka, Kansas. At the close of plaintiff's case, the court sustained a demurrer to plaintiff's evidence. An involuntary nonsuit was taken by plaintiff and upon the court's refusal to set it aside, this writ of error was sued out by plaintiff.

Plaintiff loaded a car with strawberries at Everton, Missouri, on the Frisco Railway consigned to itself at Kansas City, Missouri. This was diverted while in transit and re-consigned to W. O. Anderson Commission Company at Topeka, Kansas. At Kansas City, the car was delivered by the Frisco Railway to the Santa Fe Railway and by the latter transported from Kansas City to Topeka, Kansas, and there delivered to the Anderson Commission Company. The petition alleges that the berries were delivered to the Frisco Railway, the initial carrier at Everton, Missouri, on May 20, 1927, in good, sound, merchantable condition and further on contains the following paragraph:

"That the defendants, through their agents and servants, were negligent in this, to-wit, that they failed to deliver said berries in Topeka, Kansas, on a reasonable scheduled time in a good, sound, merchantable condition but delivered them in a deteriorated, decayed and moulded condition and said berries were badly damaged and arrived too late for the market on May 21, 1927."

The answer of each defendant was a general denial and plea of negligence on the part of plaintiff in loading the car.

The evidence for plaintiff tends to show that ordinarily the train on the Santa Fe which hauled freight from Kansas City to Topeka

arrived at Topeka at about noon or 1 o'clock P. M. That this train which transported the car of strawberries from Kansas City to Topeka did not arrive on that day until after the close of business hours which meant after 6 o'clock P. M. That was on Saturday and had the berries arrived at the time this train ordinarily arrived or within two hours after that time, the berries would have been disposed of on Saturday. As it was the car was not opened until Sunday. Some of the berries were sent to customers of the consignee in other towns by express on Sunday. The others were disposed of Monday. When the car was opened on Sunday, the top row of crates was in fair condition but on Monday, the others had deteriorated. This indicates that had the berries arrived in time to have been sold on Saturday's market, they would have been in good condition at that time. The other evidence will be noted later.

Defendants in error contend that this suit is not based on the common-law liability of the carriers as insurers but since plaintiff in its petition alleged negligence, it can only recover by proving the negligence alleged and cites State ex rel. Railway v. Trimble, 257 S. W. 104, and other cases to sustain that contention. We agree with that contention and shall not review the authorities on that question. It appears to be settled in this State that even when the facts will permit a suit against a common carrier as an insurer of freight transported by it, yet, if the pleader alleges negligence, he must stand upon his allegations and prove the negligence alleged or fail.

It is also settled that a carrier cannot, ordinarily, be held liable for failure to deliver the goods at point of destination in time for a certain market. That all the carrier is required to do is to transport in the usual way and that a carrier by reason of the Federal statute cannot bind itself by contract or otherwise to transport upon any other than the regular scheduled time for the operation of its trains. Assume that to be true, and we think it is true, there is no claim that a contract of that kind was made in this case. If, however, there is a delay in the transportation caused by the negligence of the carrier which delay deprived the shipper of the benefit of the market on a certain day and he is damaged thereby, the loss of that market may be considered in estimating his damages. [New York, Philadelphia & Norfold R. R. v. Peninsula Produce Exchange of Md., 240 U. S. 34, 60 L. Ed. 511.]

It is also said that a carrier is not an insurer of perishable fruit which will, in time, deteriorate by reason of its inherent liability to decay. That is true if the damage results from the perishable nature of the fruit, but that does not prevent recovery if there be a negligent delay in transportation and this delay keeps the fruit off the

market until by its nature it decays. [Singer v. American Express Co., 203 Mo. App. 158, 219 S. W. 662.]

Plaintiff in its effort to prove negligence on the part of the Santa Fe Railway causing delay in the transportation of this car of berries from Kansas City to Topeka, offered the testimony of the manager of the consignee at Topeka to the effect that he expected this car in by noon or 1 o'clock P. M. and began to trace the car after 8 A. M. by calling the local agent of the Santa Fe at Topeka and also the district freight office of the Santa Fe and was answered by telephone, first, that the car would arrive about 12 o'clock. Later that it would arrive about 2 o'clock P. M. About 6 o'clock P. M. he was informed also by telephone either from the office of the railroad at Topeka or from the district freight office that the car of strawberries was at Lawrence, Kansas, and the engine of the local freight had been taken off the train and was hauling ballast for the railroad. This conversation over the telephone was finally excluded upon the objection of defendants and is alleged by plaintiff as error which should reverse the judgment. The circumstances under which a conversation over the telephone is admissible was thoroughly discussed in an opinion of this court by Judge BAILEY in Meyer Milling Co. v. Strothfeld, 20 S. W. (2d) 963. It seems, under the authorities that when a business man or a corporation maintains a telephone in the office, that it is an invitation to those having business with the proprietor to call over the phone, if they so desire, when transacting business with the party maintaining the phone and it will be presumed that the party answering the phone has authority to speak and bind the party for whom he spoke. We are of the opinion that the court erred in excluding the telephone conversation offered in this case and if that evidence had been admitted, it would, with the other evidence in the case, have entitled plaintiff to go to the jury on the question of negligence of the railroad in delaying the delivery of the car of strawberries to the consignee at Topeka, Kansas.

The judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.*, concur.