Harold HAAKE, d/b/a Haake Elevator,
Plaintiff-Respondent,

v.

MISSOURI PACIFIC RAILROAD COMPA-
NY, a Corporation, and Missouri-Illinois
Railroad Company, a Corporation, Defend-
ants-Appellants.

No. 33297.

St. Louis Court of Appeals.

Missouri.

June 13, 1969.

Modified June 25, 1969.

R. W. Yost, St. Louis, for defendants-appellants.

Donald H. Clooney, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff brought an action to recover damages of $683.31 for the loss of wheat shipped by him over the lines of defendant railroads. Defendants denied liability, and filed a counterclaim in which they alleged that plaintiff had been unjustly enriched at the expense of defendants in the amount of $663.16 through a mistaken payment to plaintiff on an entirely different and unrelated shipment. Prior to the trial of the case the court sustained plaintiff's motion to dismiss defendants' counterclaim. The trial of the plaintiff's claim before the court sitting without a jury culminated in a judgment in favor of plaintiff for $683.31, and from that judgment, as well as from the order dismissing defendants' counterclaim, defendants seek to prosecute this appeal. Following the example set by the parties in their briefs, to avoid confusion we will consider plaintiff's claim and defendants' counterclaim separately since they relate to completely different transactions.

As gathered from the pleadings and the undisputed evidence the essential facts are these: Defendants furnished plaintiff with a car at plaintiff's elevator in Huegely, Illinois, and with a set of paper grain doors necessary to prevent grain from spilling out of the usual car doors. Plaintiff installed the paper grain doors and loaded the car with wheat, closed the car doors and placed seals thereon, and defendants began the movement of the car over their lines on August 27, 1962. The loaded car, consigned to the Toberman Grain Company at East St. Louis, Illinois, was weighed by defendants at Sparta, Illinois, on August 28, and the contents found to weigh 113,800 lbs. At that time there was no indication of leakage. The car arrived in the East St. Louis Terminal on August 28, and was held for grain inspection at Valley Junction, Illinois. The next day, August 29, a representative of the Merchants Exchange of St. Louis inspected the car and made a report to the consignee for which it charged the consignee a fee. The defendants had nothing to do with that inspection. According to the Merchants Exchange report of August 29, the original seals applied by plaintiff were intact at the time the inspector broke one and opened one door, which he replaced with another seal after closing the door. The report also stated that grain was leaking from the bottom part of one door.

The record indicates, in a most casual way, that while the car was at Valley Junction an Illinois state grain inspector also opened at least one car door to obtain a sample of the wheat for grading purposes. Neither side called the inspector as a witness nor introduced his report into evidence, so that there was no direct evidence as to precisely when that inspection was made. Furthermore, there was no evidence, direct or indirect, as to whether or not the Illinois state grain inspector applied a new seal after making his inspection, or even that he closed the door. The most that can be said is that since the original seals applied by plaintiff were intact when the Merchants Exchange inspector opened the door an inference may be drawn that the inspection made by the Illinois state grain inspector occurred subsequent to the one made by the Merchants Exchange Inspector.

While the car was at Valley Junction, Toberman Grain Company, the original consignee, reconsigned the shipment to Continental Grain Company at Carondelet, St. Louis, Missouri. It reached that point on September 1, and on September 2, 1962, at 11:00 A.M., was placed on the unloading track of Continental. Two days later, on September 4, the wheat was unloaded from the car and weighed, and an employee of Merchants Exchange prepared a certificate showing that the grain weighed 92,280 pounds. The employee also stated in the

certificate that he observed that there had been a bad leak of grain onto the ground, that one car door was open, and that the seal was missing from the other side. It is undisputed that after allowances were made for normal shrinkage in transit and the weight of the paper grain doors, the wheat lost weighed 21,298 pounds.

In their first point defendants complain that the court erred in admitting over their objections plaintiff's Exhibits D and E, the reports made by the Merchants Exchange inspectors on August 29, at Valley Junction, and on September 4, at St. Louis. Plaintiff argues that the point is not properly before this court for review since defendants did not file a motion for a new trial. Defendants reply that as this was a court-tried case no motion was required. Superficially, at least, there would seem to be a conflict between the broad and unqualified ruling in Russell v. Russell, Mo., 427 S.W.2d 471, 475, that "* * * no motion for new trial is necessary for appellate review of a case tried without a jury. * * *" and the line of cases which hold that by Civil Rule 79.03, V.A.M.R., the filing of a motion for a new trial in all civil cases is a mandatory prerequisite in order to preserve allegations of error for review, except for those issues specified in the Rule. Glassburner v. Burtrum, Mo., 418 S.W.2d 119, 121; State ex rel. McNutt v. Northup, Mo., 367 S.W.2d 512, 514; Adams v. Richardson, Mo., 337 S.W.2d 911, 915. However, in the present case the question is academic, because we are of the opinion that at least one, if not both, exhibits were properly admitted under the Uniform Business Records as Evidence Act, § 490.680 et seq., RSMo 1959, V.A.M.S., and because the substance of what those reports showed was conceded in defendants' answer and counterclaim.

Defendants' remaining point requires a reference to the pleadings. In his petition, after alleging the shipment of the car over defendants' lines, the weighing of the car, its inspection by the Merchants Exchange at Valley Junction and the leaking there discovered, the unloading on September 4 at St. Louis and the result of the weighing and inspection there made, plaintiff pleaded:

"8. Plaintiff further states that the wheat was lost while in the possession of the defendants and that the defendants were negligent in the handling of the said car of wheat by allowing the wheat to leak out of the said car and also by allowing the car door to be opened during transit."

Had the plaintiff confined his allegation to the averment that the wheat was lost while in the possession of defendants, the equivalent of a charge of failure to deliver the grain, the cause of action stated would have been one upon the common law liability of a carrier. Davis v. Wabash, St. L. and P. Ry. Co., 89 Mo. 340, 1 S.W. 327. But here plaintiff went further and alleged that the wheat was lost through the specific acts of negligence of defendants in the handling of the car and in allowing the car door to be opened during transit. The Supreme Court has repeatedly ruled in such a situation that it is incumbent upon a plaintiff to prove the negligence charged and that a plaintiff cannot rely simply on the presumption against common carriers. State ex rel. Atchison, T. & S. F. Ry. Co. v. Trimble, 302 Mo. 8, 257 S.W. 104; E. O. Stanard Milling Co. v. White Line Cent. Transit Co., 122 Mo. 258, 26 S.W. 704; Witting v. St. Louis & S. F. Ry. Co., 101 Mo. 631, 14 S.W. 743.

Defendants assert that the evidence failed to sustain the charges of specific negligence alleged. We agree. There was no evidence that the car was mishandled in any manner, or that the way in which it was handled caused the loss of the wheat. And the only direct evidence as to the opening of the car doors in transit was that they were opened by the Merchants Exchange inspector on August 29 and later

(apparently) by the Illinois state grain inspector at Valley Junction. On cross-examination the plaintiff stated that he was not complaining about the opening of the car door by the inspectors. The only other evidence regarding the opening of the door was that of the Merchants Exchange inspector who reported that he found one door open on September 4. The undisputed evidence was that defendants had placed the car on the unloading track of Continental Grain Company, the consignee, on September 2, at 11:00 A.M. There was no evidence that the door was open at that time. The spotting of the car on Continental's unloading track on September 2 constituted a valid final delivery of the car to the consignee, and if the door was thereafter opened defendants were not liable for any loss which may have occurred subsequent to the final delivery of the car to the consignee. Southern Advance Bag & Paper Co. v. Terminal R. Ass'n of St. Louis, Mo.App., 171 S.W.2d 107.

We turn, then, to that part of defendants' appeal concerning their counterclaim. Because of the conclusion we have reached as to the finality of the order dismissing the counterclaim it is sufficient to repeat that defendants' claim of plaintiff's unjust enrichment arose out of a shipment of soybeans by plaintiff, a transaction wholly unrelated to plaintiff's shipment of wheat. The court sustained plaintiff's motion to dismiss defendants' counterclaim 'on July 12, 1966, by an order which did not state that the dismissal was without prejudice, nor was it stated in the order that the court entered it as an interlocutory judgment, to be held in abeyance until plaintiff's claim was determined. Ordinarily such an unqualified dismissal of a petition or a counterclaim is a final adjudication upon the merits. Civil Rules 67.03 and 67.04, V.A.M.R.; Granger v. Barber, Mo., 236 S.W.2d 293; Travelers Indemnity Co. v. Chumbley, Mo.App., 394 S.W.2d 418, 19 A.L.R.3d 1043. In the instant case defendants took no separate appeal from the order of dismissal, but in their notice of appeal filed on May 22, 1968, after the judgment in favor of plaintiff on his petition, stated that they were appealing " * * * from the final judgment entered in this case on the 22nd day of April, 1968, including the order dismissing the defendants' counterclaim." The judgment entered by the court on April 22, 1968, made no reference to the dismissal of defendants' counterclaim, and the issue which now divides the parties is whether or not this court has jurisdiction to entertain that part of the appeal relating to the order of dismissal of defendants' counterclaim.

Both parties rely on Civil Rule 82.06, V.A.M.R., to sustain their positions. An analysis of that rule reveals that the first sentence deals with a separate trial of a jury tried case, and therefore is not applicable to the instant case. The next two sentences read:

" * * * When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined. * * * "

Read literally, it would seem that the quoted portions of the rule are applicable only when a separate *trial* has been held without a jury, for both sentences contain the

premise, " * * * When a separate trial is had * * *." In actual practice, however, the rule seems to have been applied and held to govern situations where, as here, a petition or a counterclaim has been disposed of prior to trial. For example, in Dotson v. E. W. Bacharach, Inc., Mo., 325 S.W.2d 737, plaintiff sued defendant, the employer of one Starr, who owned and drove the other car, for personal injuries resulting from an automobile collision. By leave, defendant filed a third-party petition against Starr by way of indemnity, but was unable to obtain service as Starr was a nonresident. Later Starr filed an entry of appearance, and filed an answer "to all pleadings," combined with a counterclaim against the plaintiff in which Starr prayed for damages to his person and to his automobile. Plaintiff filed a motion to dismiss Starr's counterclaim, which the court sustained, and Starr appealed. Acknowledging the principle (325 S.W.2d 737) " * * that a judgment, in order to be final and thus appealable under Section 512.020, RSMo 1949, V.A.M.S., must dispose of all parties and all issues in the case * * * " the Supreme Court observed that " * * * Rule 3.29 (adopted Jan. 17, 1945) constitutes a modification of the doctrine to the extent therein provided; * * *." It will be noted from the opinion that Rule 3.29, as amended on October 16, 1956, effective May 15, 1957, is the same as our present Civil Rule 82.06, and after quoting the rule as amended the court said (325 S.W.2d 739):

> " * * * It is perfectly clear that the counterclaim of Starr against the plaintiff was one 'arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case * * *.' All the claims arose out of one automobile collision and the ensuing assertions of negligence, pro and con. If the trial court intended the order of dismissal to be a final judgment for the purposes of appeal it should have 'specifically so designated' it. This discretion rests in the trial court, not in this court. Pizzo v. Pizzo, Banc, 365 Mo. 1224, 295 S.W.2d 377, 380. Not having done so, this appeal is premature."

Of course in that case, unlike the present one, the claim and the counterclaim arose out of the same transaction, and the appeal from the dismissal of the counterclaim was held to be premature. But the significance of that case, as we view it, is two-fold: First, by implication, at least, the Supreme Court held Rule 3.29 to be applicable even though no trial had been held; and second, if the appeal from the dismissal of the counterclaim was premature because the claim and the counterclaim arose out of the same transaction, then logically the converse of that situation would be true, that is, that if the dismissed counterclaim did not arise out of the same transaction pleaded in the plaintiff's petition then the order dismissing it would become a final, appealable judgment unless the court indicates otherwise.

In Elliott v. Harris, Mo., 423 S.W.2d 831, the Supreme Court apparently construed the word "trial" as used in Civil Rule 82.06 to include a hearing on a motion for summary judgment. In that case Elliott and Sanders brought a joint action in one count to recover amounts paid by each of them to defendant for the purchase of working interests in certain oil leases. As the court pointed out, it appeared from the pleadings that while the two claims were brought in one count they did not arise out of the same transaction and the purchases were separately made on different dates for different amounts. Defendant raised different defenses to each claim. A motion for summary judgment on the claim against Elliott was sustained and Elliott appealed. In holding that that judgment was final and appealable under Civil Rule 82.06 the court said (423 S.W.2d 831, 833–834):

> " * * * A separate trial was held by the court on the claim of Elliott, and the judgment entered is deemed final for the purpose of appeal, the court not having

ordered that it be held in abeyance pending disposition of the other claim. Civil Rule 82.06 (all references to rules or to Rules of Civil Procedure and V.A. M.R.); Lynch v. Webb City School District No. 92, Mo.App., 373 S.W.2d 193, 195 [1–3], and cases there cited."

In the case cited by the Supreme Court, Lynch v. Webb City School District No. 92, Mo.App., 373 S.W.2d 193, the plaintiff, a teacher, brought an action in two counts. In the first she sought to recover on a contract of employment for the school year 1960–61. In the second she declared on a similar contract for the year 1961–1962. Defendant's motion for summary judgment on count one was sustained, and plaintiff appealed. The Springfield Court of Appeals noted that the two contracts were unrelated and held that the judgment entered on count one was final and appealable. It did not, however, refer to the hearing on defendant's motion for summary judgment as a trial, as the Supreme Court did in Elliott v. Harris, supra.

A recent case similar in some respects to Dotson v. E. W. Bacharach, Inc., supra, is State ex rel. Fletcher v. New Amsterdam Casualty Co., Mo.App., 430 S.W.2d 642. There a subcontractor brought an action against the surety on the bond of the general contractor for an alleged balance due as the result of the general contractor's failure to pay. The defendant surety by leave filed a third-party petition against the general contractor for indemnity. Thereafter a memorandum was entered of record as follows, "Cause Passed for Settlement," which was signed by the attorneys for the plaintiff and the defendant and "O.K.'d" by the judge. Later plaintiff filed a motion to set aside the stipulation for settlement, a hearing was held on that motion, and the court overruled it. Plaintiff then appealed. With considerable hesitation, as it noted, this court adopted the conclusion of the parties that the memorandum was an agreed settlement, and held that the appeal was premature since the third-party petition, a related cause, was still pending.

■ Assuming that a hearing on a motion for summary judgment is a trial, as the Supreme Court stated in Elliott v. Harris, supra, the only cases we have been able to find in which an order made on a pretrial motion has been treated as a trial for the purposes of Civil Rule 82.06 are Dotson v. E. W. Bacharach, Inc., supra, and State ex rel. Fletcher v. New Amsterdam Casualty Co., supra. As previously stated, in the instant case defendants' counterclaim was based on a separate and unrelated transaction from that which was pleaded in plaintiff's petition, and in the order dismissing the counterclaim the court did not declare it to be an interlocutory judgment to be held in abeyance until plaintiff's claim was determined. Accordingly, on the authority of those cases, and particularly that of Dotson, we are constrained to hold that the order dismissing defendants' counterclaim became a final and appealable judgment; and that having failed to appeal from that judgment within the required time we do not have jurisdiction to entertain and review defendants' complaints regarding the dismissal of their counterclaim.

For the reasons stated the judgment in favor of plaintiff on his cause of action is reversed and that part of defendants' appeal relating to their counterclaim is dismissed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment in favor of plaintiff on his cause of action reversed and that part of defendants' appeal relating to their counterclaim dismissed.

WOLFE, P. J., BRADY, J., and BRUCE NORMILE, Special Judge, concur.