**Dr. J. D. MOORE and wife, Metta M. Moore**

**v.**

**TEXAS RESERVE LIFE INSURANCE COMPANY and Dan S. Harris.**

Civ. A. No. 2977.

United States District Court
W. D. Texas,
San Antonio Division.
July 27, 1962.

Grady Barrett, Matthews, Nowlin, Macfarlane & Barrett, San Antonio, Tex., for plaintiffs.

Clarence R. Boatwright, Morriss, Morriss, Boatwright & Lewis, San Antonio, Tex., for defendant Dan S. Harris.

Sidney L. Farr, Barrow, Bland & Rehmet, Houston, Tex., for defendant Texas Reserve Life Ins. Co.

SPEARS, Chief Judge.

The Court finds and concludes under Rule 56, Fed.R.Civ.P., that Plaintiffs' Motion for Summary Judgment against the Defendant, Texas Reserve Life Insurance Company, should be granted, as the pleadings, depositions, documentary evidence and admissions on file, including the following admitted or undisputed facts, show, without substantial controversy, that there is no genuine issue as to any material fact, and that Plaintiffs are in law and equity entitled to judgment.

*Findings of Fact*

(1) This suit was originally filed herein by Plaintiffs on June 30, 1961, and their First Amended Complaint was filed on December 8, 1961, to recover 10,000 shares of stock of the Defendant, Texas Reserve Life Insurance Company, a Texas corporation, which is the surviving corporation of Great American Health and Life Insurance Company, also a Texas corporation, pursuant to written Articles of Consolidation or Merger and written agreement between the two companies. In the merger the Defendant, Texas Reserve Life Insurance Company, acquired all of the assets of Great American Health and Life Insurance Company, and expressly assumed in writing all of its liabilities.

(2) Plaintiffs have as a pledge (given as security for the payment of a promissory note for $100,000.00, dated March 12, 1957, executed on behalf of Great American Development Company by C. F. Palm, President, and J. H. Palm and C. F. Palm, individually, due January 12, 1959), Certificate No. NP–A3744 for 10,000 shares of Class "A" stock of Great American Health and Life Insurance Company, which is traced into and became Texas Reserve stock in the manner hereafter shown.

(3) Shortly after said note was executed, Great American Health and Life Insurance Company amended its Articles of Incorporation so as to provide for only one class of stock, cancelling and doing away with Class "A" and "B" stock, such amendment being approved by the Attorney General of Texas on August 8, 1957, and filed with the Texas State Board of Insurance on August 14, 1957.

(4) The plaintiff, Dr. Moore, received no notice that Great American Health

and Life Insurance Company had amended its charter and had cancelled the certificate held by him, and he did not learn of the merger of the two insurance companies until on or about September 19, 1958. Such transactions occurred without the knowledge or consent of Plaintiffs.

(5) Great American Health and Life never required the surrender of Certificate No. NP–A3744 for 10,000 Class "A" shares from Dr. Moore before issuing a certificate of its new class of common stock, and the old certificate is still in possession of the Plaintiffs, having been exhibited to counsel and a photocopy delivered to them.

(6) Great American Health and Life Insurance Company, (as well as Great American Development Company, C. F. Palm being President and a director of both companies), was obligated in all equity and good conscience, as well as in law and the corporate plan involved for change of stock, to see that Plaintiffs received a certificate for 10,000 shares of the new common stock to replace the old certificate as security for their note, upon amending its Articles of Incorporation. C. F. Palm, its President, knew of such pledge. He had signed the note and pledge in question, and, on the records of Great American Health and Life, it was noted on April 11, 1957, prior to such change and merger, that Certificate No. NP–A3744 for 10,000 shares had been assigned to Dr. Moore. Such duty and obligation was violated, breached and ignored by Great American Health and Life Insurance Company, in that the new Great American Health and Life stock was issued solely to Great American Development Company, the pledgor.

(7) Plaintiffs were the pledgees and holders of Certificate No. NP–A3744 for 10,000 shares of the old Great American Health and Life stock, which was and still is in their possession, and upon change in the form and class of such stock they were entitled both in law and in equity to receive the new stock, and Plaintiffs succeeded, both in law and equity, to all the rights of the former stock by reason of the possession of such old certificate.

(8) After the merger of the two insurance companies, C. F. Palm, President of Great American Development Company (the Pledgor), as well as of Great American Health and Life Insurance Company, pursuant to the Merger Agreement, turned in the stock due Plaintiffs to Texas Reserve, and received, on October 11, 1957, new stock of Texas Reserve in the name of Great American Development Company. In December, 1957, C. F. Palm, acting as President of Great American Development Company, executed a transfer of 10,000 shares of such Texas Reserve stock, in blank, among other shares, and delivered same to officers of Texas Reserve.

(9) The acts of C. F. Palm, President of Great American Health and Life Insurance Company and of Great American Development Company, were clearly wrongful and fraudulent, and the issuance of a new certificate to Great American Development Company in lieu of old Class "A" stock Certificate No. NP–A3744 for 10,000 shares, without obtaining possession thereof from Plaintiffs, and seeing that Plaintiffs received the new certificate issued in lieu of Certificate No. NP–A3744 held as security for their loan, was dishonest, fraudulent and contrary to all principles of honesty, equity and good conscience. The exchange of the Great American Health and Life Insurance stock for Texas Reserve stock by C. F. Palm, President of Great American Health and Life and President of Great American Development Company, without seeing that such Texas Reserve stock was delivered to Plaintiffs as security for their loan, was likewise wrongful and fraudulent, and contrary to all honesty, equity and good conscience.

(10) The Defendant, Texas Reserve Life Insurance Company, took over all assets and assumed in writing all liabilities of Great American Health and Life Insurance Company upon the merger of

those two companies, as shown by the Consolidation Agreement and Articles of Incorporation.

(11) The Defendant, Texas Reserve Life Insurance Company, had notice and knowledge of Plaintiffs' claim to said stock in September, 1958, prior to its cancellation thereof on July 14, 1959.

■ (12) Plaintiffs never parted with the possession of the stock certificate, NP–A3744, or their right to the subsequent stock issued in lieu and in exchange therefor, and equity will impress a constructive trust on the subsequent stock certificates issued in lieu of and in exchange therefor to prevent a fraud upon the Plaintiffs.

### Conclusions of Law

■ Under the provisions of the Texas Uniform Stock Transfer Act, Vernon's Ann.Tex.Rev.Civ.Stat., Art. 1302–6.01 through 1302–6.26, the title to a stock certificate and to the shares represented thereby may be rescinded if procured by fraud, or if made under such mistake as to make the transfer or delivery thereof inequitable, and this Court has jurisdiction to enforce the Plaintiffs' right to claim the possession of the certificate and to rescind the transfer thereof under said statutes, as well as under principles and usages of Courts of equity.

■ (2) Where property fraudulently obtained is converted into or exchanged for other property, a constructive trust is impressed on and follows such other property. 89 C.J.S. Trusts § 146, p. 1033; 26 Tex.Jur.2d 22.

■ (3) Upon the merger of Great American Health and Life Insurance Company, and the Defendant, Texas Reserve Life Insurance Company, both Texas insurance companies, the Defendant, Texas Reserve Life Insurance Company, became liable as a matter of law for all obligations of Great American Health and Life Insurance Company and also by express assumption in the merger agreements, and upon such merger or consolidation, the Defendant, Texas Reserve Life Insurance Company, the sur-

viving corporation, became responsible and liable for all the liabilities and obligations of Great American Health and Life Insurance Company, and Plaintiffs are entitled to assert their claim against Texas Reserve Life Insurance Company. Tex.Rev.Civ.Stat. Insurance Code Art. 2.18, Bus.Corp. Act Art. 5.06A(5), V.A. T.S.; 14 Tex.Jur.2d 604 §§ 507, 509.

■ (4) Plaintiffs' claim for the issuance and delivery of the 10,000 shares of stock in question is governed by the four-year statute of limitation of the State of Texas. Tex.Rev.Civ.Stat. Art. 5527 (founded upon contracts in writing) and Art. 5529 (covering equitable actions). Burnham v. Todd, 139 F.2d 338, 343 (5th Cir., 1943); Peek v. Berry, 143 Tex. 294, 184 S.W.2d 272, 156 A.L.R. 949 (1944). The Court has found that Plaintiffs' cause of action was filed on June 30, 1961, less than four years after this cause of action accrued, and the first and primary relief sought and prayed for by Plaintiffs herein is not barred, and is not governed by the two-year statute of limitation of the State of Texas.

(5) Plaintiffs do not seek a summary judgment against Dan S. Harris for such stock, but only against the Defendant, Texas Reserve Life Insurance Company, and the Court concludes that the motion of Dan S. Harris that no judgment be obtained against him should be granted.

(6) The Court concludes that the motion of the Defendant, Texas Reserve Life Insurance Company, for summary judgment should be denied.

■ (7) The Defendant, Texas Reserve Life Insurance Company did not acquire title to the stock certificate in question by adverse possession, and it was illegal for the Defendant, Texas Reserve Life Insurance Company, to invest its capital in its own stock.

■ (8) Summary judgments are available in equitable actions. 3 Barron & Holtzoff, Federal Practice and Procedure § 1232.3 at 114 (Wright Ed., 1961).

(9) The Court concludes that the Motion of Plaintiffs' for Summary Judgment under Rule 56, Fed.R.Civ.P., should be in all things granted as to the Defendant, Texas Reserve Life Insurance Company.

(10) That Defendant, Texas Reserve Life Insurance Company will, in all reasonable probability, be able to issue and deliver or cause to be issued the 10,000 shares of its no par common stock, as herein ordered.

Judgment entered accordingly.