The KROGER COMPANY, a Corporation, Plaintiff-Appellant,

v.

ROY CROSBY COMPANY, a Corporation, Defendant and Third-Party Plaintiff-Respondent,

v.

UNION ELECTRIC COMPANY, a Corporation, Third-Party Defendant.

No. 32075.

St. Louis Court of Appeals.

Missouri.

July 20, 1965.

Rehearing Denied Sept. 8, 1965.

George A. Adolf, St. Louis, for plaintiff-appellant.

Anderson, Gilbert, Wolfort, Allen & Bierman, Stuart M. Haw, Jr., St. Louis, for defendant and third-party plaintiff-respondent.

Kerth, Thies & Schreiber, Albert H. Hamel, Clayton, for third-party defendant.

JAMES D. CLEMENS, Special Judge.

Plaintiff Kroger Company appeals from a summary judgment rendered against it. Kroger had paid one John Murphy $8,500 to settle his claim for injuries received while working atop its store building. Kroger had leased the premises from defendant Roy Crosby Company, and now sues to compel Crosby to indemnify it for its loss, claiming that Crosby had failed to maintain the premises in a safe condition as required by their lease.

In its motion for summary judgment defendant Crosby claimed that the supporting documents showed that Crosby was not liable under its lease to Kroger. The Motion was granted, and plaintiff Kroger's appeal is now before us. We limit our review to the propriety of the summary judgment. V.A.M.R. 83.13(a). We believe it was improvidently entered.

Defendant Crosby owned a 4-acre tract at Olive Boulevard and McKnight Road in St. Louis County, and leased it to Kroger. In the center of the tract Crosby built two adjoining store buildings, one for Kroger and later one for a drug store. The rest of the tract was for use of both stores and their customers, and was referred to as the "Common Area". The lease provided:

> "* * * The Lessor covenants and warrants that the leased premises will be well-built, properly constructed, and suitable and fit and that they will be so maintained during the term of this lease."

Further, by the lease Crosby agreed:

> "* * * to maintain all of the Common Area in good repair, and carry ample Public Liability and Property Damage insurance to properly and adequately protect Lessor and all tenants against claims for damage to property and/or injury or death to person or persons while on the Common Area".

John Murphy had gone atop the Kroger building to repair its air-conditioner. Access to the roof was by a metal ladder built into an outside brick wall. Close by, and in the "Common Area", were an electric pole and uninsulated wires, put up by the Union Electric Company. While coming down the ladder, Murphy came into contact with the wires, received an electric shock, and fell to the ground. Murphy sued Kroger and Union Electric, claiming they were negligent in having the ladder and the wires in dangerous proximity. Kroger demanded that Crosby defend Murphy's suit, but it declined. Then Kroger and Union Electric jointly settled Murphy's suit.

Crosby's motion for summary judgment against Kroger's petition for indemnity was supported by Murphy's petition, the lease from Crosby to Kroger, and two contradictory affidavits as to the relative times of construction of the power line and the ladder.

A summary judgment borders on denial of due process, and trial courts are warned to use it cautiously. Cooper v. Finke, Mo., 376 S.W.2d 225(3). There are two requirements for a summary judg-

ment: There must be no genuine issue as to any material fact, and the prevailing party must be entitled to a judgment as a matter of law. VAMR 74.04(c). We will deal with the latter requirement.

Kroger pleaded that Crosby breached the terms of its lease by building and maintaining the ladder and electric wire in dangerous proximity. As quoted above, Crosby was bound to keep the Common Area in good repair. We are not here concerned with a failure to repair, but this part of the lease shows Crosby's control over the area where the electric line was located. The lease described the "premises" as the entire 4-acre tract. Crosby warranted:

> " * * * that the leased premises will be well-built, properly constructed, and suitable and fit and that they will be so maintained * * *."

Crosby first argues that its duty as to proper construction and maintenance applies only to the store building, and not to the pole and wires placed near the ladder outside. Considering that the lease defined the "premises" as being the whole tract, we cannot so hold as a matter of law.

Crosby next contends it is not liable because the electric line was placed by Union Electric. Nothing indicates that Kroger selected the location of the electric wire close to the ladder. The lease gives Kroger no such right. For purposes of construction the premises were under control of Crosby, and absent proof to the contrary, it is reasonable to infer that Union Electric located the electric pole and wire as agent of lessor Crosby. In making improvements on the leased premises, Crosby owed a duty of reasonable care to Kroger and its invitees. Crosby could not escape that duty by having the work done by Union Electric. See 52 C.J.S. Landlord and Tenant § 417, p. 45; and compare Vitale v. Duerbeck, 338 Mo. 556, 92 S.W.2d 691(3).

For these reasons, we cannot say as a matter of law that Crosby is not liable

to Kroger. It follows that the summary judgment was improperly granted. Kroger makes other attacks on the propriety of the summary judgment, but in view of our conclusion they need not be considered.

The cause must be remanded, with instructions to set aside the summary judgment and reinstate said cause for further proceedings. It is so ordered.

WOLFE, P. J., and RUDDY, J., concur.