**Jorge A. ELLIOTT, Plaintiff-Appellant,**

**v.**

**Virgil W. HARRIS, Defendant-Respondent.**

**No. 53009.**

Supreme Court of Missouri.

En Banc.

Jan. 8, 1968.

Rehearing Denied Feb. 12, 1968.

Jorge A. Elliott, Kansas City, pro se.

Alder, Morrison & Rixner, John J. Alder, Kansas City, for defendant-respondent.

HENLEY, Judge.

Joint action in one count by Jorge A. Elliott and Lewis W. Sanders against Virgil W. Harris to recover amounts paid defendant for the purchase of working interests in certain oil leases on lands in Elk county, Kansas. Plaintiff, Elliott, and defendant filed motions for summary judgment as to Elliott's claim. The court denied Elliott's motion and entered judgment for defendant against Elliott, from which the latter appealed to the Kansas City Court of Appeals. That court affirmed the judgment. On application of appellant we ordered the case transferred to this court. Article V, § 10, Constitution of Missouri, V.A.M.S.

We are met at the outset with the question of whether the judgment entered is final for the purposes of appeal since, so far as the record discloses, no disposition has been made of the claim of Sanders and the judgment entered was not specifically designated as final by the court. The general rule is that a judgment to be final and appealable must dispose of all parties and all issues in the case and leave nothing for future determination. It appears from the pleadings, however, that the two claims, although joined in the same action in one count, do not arise out of the same transactions or occurrences; the purchases of interests in the oil leases by the plaintiffs were not joint purchases of a joint interest in their joint names; they were separate purchases of separate interests as their separate property on different dates for different amounts; they were entirely separate and independent claims unrelated to each other. Respondent's answer raised different defenses to each claim. A separate trial was held by the court on the claim of Elliott, and the judgment entered is deemed final for the purpose of appeal, the court not having ordered that it be held in abeyance

pending disposition of the other claim. Civil Rule 82.06 (all references to rules are to Rules of Civil Procedure and V.A. M.R.); Lynch v. Webb City School District No. 92, Mo.App., 373 S.W.2d 193, 195 [1–3], and cases there cited.

For convenience we will hereafter refer to appellant as plaintiff and to respondent as defendant.

Plaintiff's petition alleges, in substance, that between December, 1962, and June, 1963, he purchased from defendant in Missouri for $2,752.16 an undivided one-sixteenth working interest in an oil and gas lease on Kansas lands (hereinafter sometimes referred to as the Countryman lease); that the interest sold him is a security[1] within the meaning of chapter 409, RSMo 1959, V.A.M.S., (The Missouri Securities Law; also known as Blue Sky Law)[2] prohibiting the sale in this state of securities not registered; that the security was not registered and the sale was in violation of that chapter; that he has rescinded the contract of purchase, demanded return of his money and was refused. He prays judgment for the purchase price plus reasonable attorney's fees as authorized by § 409.240.[3] In his answer defendant admitted the sale, but denied generally other allegations of the petition. By way of special defense he pleaded that chapter 409 did not apply to the sale of this security, because the sale was an exempt

transaction under § 409.050, subsection (9).[4]

As indicated, both plaintiff and defendant filed motions for summary judgment, each motion being supported by the party's affidavit. The motions were submitted on the pleadings, affidavits, and plaintiff's interrogatories and defendant's answers thereto.

Plaintiff states in his affidavit that for the money paid defendant he received defendant's receipt and an operating agreement, and later from one Thomas Rainey an assignment of the interest purchased from defendant; that on March 6, 1964, (after suit was filed) he assigned all of his interest in the lease to defendant and demanded return of the amount previously paid, but that the demand was refused; that thereafter, on March 9, 1964, defendant executed an instrument wherein he agreed to accept an assignment of plaintiff's interest for sale by defendant to Jones and Campbell, Inc., of Shawnee Mission, Kansas, for $1,000, less plaintiff's proportionate share of an outstanding indebtedness against the lease; that he received from defendant $858.94, represented by defendant to be plaintiff's share of the proceeds of the sale of his interest to Jones and Campbell, Inc.; that after deducting this $858.94 and the income received from his interest from the amount

---

1. Section 409.020(12) defines securities as meaning any " * * * fractional undivided interest in oil, gas, or other mineral rights * * *." See also: Gales v. Weldon, Mo., 282 S.W.2d 522, 526 [1].

2. All references to statutes are to Revised Statutes of Missouri, 1959, and V.A.M.S.

3. Section 409.240 provides, in substance, that every sale made in violation of this chapter shall be voidable at the election of the purchaser and the person making the sale shall be liable to the purchaser, upon tender to the seller of the securities sold, for the full amount paid together with reasonable attorney's fees.

4. Section 409.050, subsection (9), provides that the provisions of the chapter do not apply to the sale of securities in transactions involving: "The issuance or sale by any person (notwithstanding the number of holders of securities of such person) of securities of its own issue to not more than fifteen persons in this state during any period of twelve consecutive months if the buyers represent that they are taking for investment and the seller reasonably accepts their representations as true. * * *"

he paid for the interest, the balance due him from defendant is $1,692.59.

Plaintiff does not state by his affidavit specifically whether he did or did not accept the proceeds of the sale to Jones and Campbell, Inc., as in full payment of his previous demand, but a reasonable inference is that he did not. The instrument dated March 9 executed by defendant alone has a place for the signature of plaintiff as an "acceptance" of its terms, but his signature does not appear. We note at this point that although defendant, in his affidavit, refers to the instrument of March 9 executed by him alone as an "agreement" by plaintiff to reassign the Countryman lease " * * * so it could be sold to a third party * * *," he does not assert therein that plaintiff accepted the $858.94 as in full payment of the balance allegedly due on the purchase price of the security. We note also at this point that defendant did not plead payment of this sum to plaintiff as an accord and satisfaction although he did plead that defense to the claim of the other plaintiff, Lewis W. Sanders.

Defendant further states in his affidavit that plaintiff did not offer to return the security to him for the amount paid, " * * * even though [plaintiff] entered into a subsequent agreement * * * to reassign the leasehold so it could be sold to a third party * * *;" that he " * * * did not violate the Missouri Securities Law as charged by separate plaintiff, Jorge A. Elliott, in his petition, * * *, for the particular reason that under Sec. 409.050 defendant did not issue or sell securities to 'more than '15 persons in this state during a period of twelve (12) consecutive months', as provided in sub-section (9);" that the sales of interests in the Countryman lease made by him were to buyers who represented that their purchase was for investment purposes, and that he accepted their representations as true.

By answers to interrogatories propounded by plaintiff, defendant stated that interests in the Countryman lease were sold to fourteen persons only, two of whom resided in Kansas; that after November, 1962, he had no interest in the Countryman lease; that he neither executed nor received an assignment of interest in the Countryman lease; that the interests in this lease were not registered with the Missouri Securities Commission; that plaintiff paid him the total sum of $2,752.16 for an interest in the Countryman lease; that he sold plaintiff's interest in the lease to Jones and Campbell, Inc., for $1,000 and paid him that sum, less $153.53 as that interest's proportionate share of indebtedness against the lease.

Plaintiff does not contend that the court erred in denying summary judgment in his favor; his contention is that the court erred in entering summary judgment in favor of defendant, because, he says, genuine issues exist as to material facts, and that defendant is not shown by unassailable proof to be entitled to judgment as a matter of law.

This court said in Maddock v. Lewis, 386 S.W.2d 406, at l. c. 408–409: "Under Rule 74.04(a) the party moving for summary judgment may file and serve supporting affidavits as respondents have done here. Under Rule 74.04(c) the adverse party (appellant here) may serve opposing affidavits and all affidavits are then considered along with the pleadings, depositions, and admissions on file, to determine if any genuine issue of fact remains. Reis v. Metropolitan St. Louis Sewer Dist., Mo., 373 S.W.2d 22, 27 [6]. A summary judgment is a determination as a matter of law that there is no issue of fact to be tried, Swink v. Swink, Mo., 367 S.W.2d 575, 578 [3]; and 'In no case shall a summary judgment be rendered on issue triable by jury * * * unless the prevailing party is shown by unassailable proof to be

entitled thereto as a matter of law.' Rule 74.04(h).

■ "We have recognized that Rule 74.04 is practically identical to Rule 56 of the Federal Rules of Civil Procedure, and we have found federal decisions construing Rule 56 to be persuasive in applying our Missouri Rule. Cooper v. Finke, Mo., 376 S.W.2d 225, 228 [1]. We have held: 'The appellate court as well as the trial court must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered.' Cooper v. Finke, supra, l. c. 228 [2]. 'As its name indicates, a summary judgment is an extreme and drastic remedy and great care should be exercised in utilizing the procedure. Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213, 216 [6] * * *. Although it is useful and beneficial in many situations, it cannot be substituted for a conventional trial of factual issues "unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law."' Cooper v. Finke, supra, l. c. 229 [3, 4]. In Armco Steel Corp. v. Realty Investment Co., 8 Cir., 273 F.2d 483, the court said, l. c. 484 [1–4]: 'A genuine issue of fact exists for the purpose of avoiding a summary judgment whenever there is the slightest doubt as to the facts (citing cases). As we have heretofore explained, summary judgment is a harsh remedy and, " * * * should never be entered except where the defendant is entitled to its allowance beyond all doubt; only where the conceded facts show defendant's right with such clarity as to have no room for controversy; with all reasonable doubts touching the existence of a genuine issue as to a material fact resolved against the movant; giving the benefit of all reasonable inferences that may reasonably be drawn from the evidence to the party moved against. 'That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them.' " ' "

In connection with his contentions, plaintiff asserts that genuine issues exist as to whether defendant's sale to him of an interest in the Countryman lease was a sale of *a security of defendant's own issue* and, therefore, a transaction exempt from the requirement that the security be registered with the Commissioner of Securities before sale.

For a transaction to be exempt under § 409.050(9) the sale of unregistered securities must have been: (1) of securities of the seller's own issue; (2) to not more than fifteen persons in this state during any period of twelve consecutive months; (3) to buyers who represent that they are taking for investment; and, (4) the seller must reasonably accept their representations as true. To bring himself within the exemption defendant must show the existence of all four of the above factors.

■ Defendant admits the sale to plaintiff of an unregistered security. His affidavit and answers to interrogatories support his position that the securities (interests in the same lease) were sold by him within the limited period to less than fifteen persons, all of whom represented that they were taking for investment; and, that he reasonably accepted their representations as true. Thus, he has shown the existence of three of the four factors necessary to qualify his sale to plaintiff as an exempt transaction. But, he has failed to show by unassailable proof that the security sold was of his own issue. On the contrary, the proof is that the security was not of his own issue. By his affidavit he said he " * * * did not issue * * * [the] securities * * *" sold to plaintiff and thirteen others. By answer to interroga-

tories, he said that he did not execute the assignment of the security he sold plaintiff, and this is corroborated by plaintiff's affidavit that the security purchased from defendant was assigned to him by one Thomas Rainey.

In his brief and in oral argument here, defendant seems to contend that the words "of its own issue" in § 409.050(9) have no significance as to him, because he was a mere salesman of securities "issued" by someone else. He cites no authority in support of this contention and we find none. Moreover, this argument is contrary to his special defense that the sale to plaintiff was a transaction exempted from the Missouri Securities Law by § 409.050(9). Summary judgment in defendant's favor cannot be permitted to stand, because he has shown that his sale to plaintiff was not an exempt transaction.

■ Plaintiff contends also that a genuine issue of fact exists as to whether a tender of the security was made to defendant, as required by § 409.240. Defendant has not shown by unassailable proof that a proper tender was not made. Defendant's assertion in his affidavit and answers to interrogatories that plaintiff did not tender or offer to return the security to him is countered by plaintiff's assertion in his affidavit that he assigned the security to defendant and demanded return of the amount paid therefor, thus creating an issue as to that fact. Defendant contends that the only tender made to him by plaintiff was plaintiff's assignment to him for the sole purpose of sale of the security to Jones and Campbell, Inc., and that this did not constitute a tender within the meaning of § 409.240. There is obviously a controversy over this material fact and we resolve the doubt in favor of the party against whom summary judgment was entered.

The judgment is reversed and the cause remanded.

All concur.