Bobby E. DAVIS and Donna J. Davis, Plaintiffs-Appellants,

v.

CREDITHRIFT OF AMERICA IN MIS-SOURI, INC., a corporation, Defendant-Respondent.

No. 33840.

St. Louis Court of Appeals, Missouri.

March 23, 1971.

Hayes & Hayes, St. Louis, for plaintiffs-appellants.

Thomas, Busse, Cullen, Clooney, Weil & King, Lamar E. Ottsen, Jr., St. Louis, for defendant-respondent.

BRADY, Presiding Judge.

The trial court sustained defendant's motion for summary judgment on its counterclaim. Plaintiffs appeal.

The pertinent portions of the pleadings need be summarized to place this appeal in proper perspective. Plaintiffs' petition alleged their execution of a promissory note payable to defendant in the total amount of $3,384.00 to be paid in thirty-six monthly installments; that $617.53 of this amount was interest; that they made four monthly payments and then paid the entire balance; that the note provides for refund of the

unused portion of the amount of interest in the event of such pre-payment; and that plaintiffs were entitled to a refund of unused interest in the amount of $548.92.

In its answer defendant admitted the four monthly payments but denied that the total balance was paid as alleged by plaintiffs or at any other time, alleging it was due and owing. In the answer and in its counterclaim defendant set out the same theory. It was that plaintiffs executed a chattel mortgage at the same time as the note, and in connection therewith delivered to defendant a certificate of title to an automobile which, together with certain household articles, was described in the chattel mortgage; that on the date plaintiffs allege they paid the note the certificate of title (upon which appeared defendant's lien) and the note were inadvertently and erroneously marked "Paid" by a clerical employee in defendant's office and returned to plaintiffs; and that plaintiffs have thereafter refused to return the note and certificate of title or to make any monthly installment payment thereafter due or to pay the remaining balance on the note although defendant has made demand of them. Plaintiffs' reply to the counterclaim amounted to a general denial.

The trial court ordered a separate jury trial of plaintiffs' petition specifying defendant's counterclaim was to be tried by the court. Trial of plaintiffs' cause of action resulted in a unanimous verdict in favor of the defendant. Defendant then filed a motion for summary judgment on its counterclaim accompanied by an affidavit. The same trial judge ruled this motion as presided in the jury trial of plaintiffs' cause of action.

It is unnecessary for the purposes of this opinion to set out the allegations of the affidavit. It is sufficient to state that it consists of conclusions of law and a summary of the testimony given at the trial on plaintiffs' petition. Plaintiffs filed a counter-affidavit. It is again sufficient to state that this affidavit does not controvert any facts or raise any factual issues but is couched in the language of the usual motion for new trial. For example, the affidavit alleges the trial court erred in giving the instructions which it gave on behalf of the defendant and made certain other errors during the course of the trial. The remainder of the counter-affidavit is argument purporting to support the allegations of error.

The trial court found plaintiffs executed a promissory note in favor of defendant in the amount of principal and interest and to be paid as alleged in the petition; that plaintiffs made the four payments about which there is no dispute but made no other payments; that there was a balance due and owing defendant of $3,008.00 less unearned interest; that the note was secured by a chattel mortgage on the automobile and household goods as described in the chattel mortgage; "[t]hat as a result of a clerical error made by defendant's employee the aforementioned note was marked 'Paid' and was received by the plaintiffs and that the aforementioned Missouri Motor Vehicle Title was marked 'Paid' and was given to Bobby E. Davis by a third party"; that plaintiffs have the note and title wrongfully in their possession or under their control; and that plaintiffs have refused to return the note and title to defendant or to make any installment payments due as called for under the note and are therefore in default. In its conclusions of law the trial court held that the motion for summary judgment on the counterclaim was properly filed and that all genuine issues of material facts necessary to a determination as to the merits of the counterclaim had been determined. The motion for summary judgment was granted decreeing defendant was to have and recover from the plaintiffs the promissory note and the certificate of title; and that the note was in default and the entire balance of $3,008.00 less unearned interest from the date of that order (March 11, 1970) to the maturity of the note (September 25, 1970) was due and unpaid.

Plaintiffs first contend there can be no summary judgment in this matter for the reason that defendant's counterclaim requests equitable relief and is therefore beyond the scope of summary judgment procedure. Secondly, they contend the affidavit filed in support of defendant's motion for summary judgment was insufficient. Lastly, plaintiffs contend there were genuine issues of material facts still existing and that summary judgment should be denied for that reason.

We cannot agree with plaintiffs' first contention. Our Civil Rule upon summary judgment, Civil Rule 74.04, V.A.M.R., is identical for all practical purposes to Rule 56 of the Federal Rules of Civil Procedure and the federal decisions construing Rule 56 have been held persuasive in applying Civil Rule 74.04, supra. Elliott v. Harris, Mo., 423 S.W.2d 831. An example of the application of summary judgment procedure to cases involving equity may be found in the federal practice in Moore v. Texas Reserve Life Insurance Company, 214 F.Supp. 925, affirmed 314 F.2d 948. See also the recognition of the application of summary judgment to equitable actions found in Bland v. Norfolk and Southern Railroad Company, 4 Cir., 406 F.2d 863 [3]. Other cases may be found in ⟜ 2464, Federal Civil Procedure. These cases and the recognition of their persuasiveness in this jurisdiction require a decision on this point against plaintiffs. Elliott v. Harris, supra.

We then pass to plaintiffs' contention the insufficiency of defendant's affidavit requires the trial court to overrule the motion for summary judgment. With commendable candor counsel admits in defendant's brief " * * * that in his affidavit he was merely giving his resume of the testimony elicted during the jury trial of April 14–15, 1968 and that his reason for so doing was based on convenience and expediency * * *." Defendant's contention is that, assuming arguendo the affidavit was insufficient, the trial court's entry of summary judgment was proper. We

agree. The court is not required to give consideration to depositions, admissions, and affidavits. This court, by this writer, specifically refuted such an interpretation of Civil Rule 74.04(c), V.A.M.R., in Dowdy v. Lincoln Nat. Life Ins. Co., Mo.App., 384 S.W.2d 282, l.c. 284–285 [3]. As indicated earlier in this opinion, defendant's affidavit was in fact insufficient in that it failed to allege facts but instead consisted of conclusions of law and recitations in summary form of the evidence at the trial on plaintiffs' petition. In spite of such insufficiency defendant may still be entitled to have its motion for summary judgment sustained if it has shown unassailable proof that as a matter of law he is entitled to judgment. Dorsch Elec. Co. v. Plaza Const. Co., Mo., 413 S.W.2d 167. In addition, it should be noted that in the instant appeal plaintiffs' affidavit in opposition to defendant's motion for summary judgment did not set forth any specific facts showing there was a genuine issue for trial. Civil Rule 74.04(e), V.A.M.R. As stated earlier in this opinion, it consisted of stating alleged errors of the trial court and conclusions of law.

As plaintiffs lastly contend, were there genuine issues of material facts still existing? In the instant case the same judge ruled on defendant's motion for summary judgment as presided at the trial of plaintiffs' cause of action on its petition. The issue tried to the jury on plaintiffs' petition, as framed by that pleading and defendant's answer, was whether plaintiffs had failed to pay the note and were improperly holding it and the certificate of title to the automobile which were inadvertently and erroneously marked "Paid" by a clerical employee in defendant's office. By the verdict the jury determined that the plaintiffs had not paid the note, were in fact improperly holding it and the certificate of title, and that both documents had been inadvertently and erroneously marked "Paid". Since defendant's counterclaim and answer are almost identical in setting out this theory, the trial

court's adoption of it in its conclusions of law is but a recognition of the jury's verdict in the trial at which it had presided. In the event we should rule defendant is not entitled to summary judgment it is obvious by comparison of the counterclaim with the answer that we would then be requiring a retrial to the court of the same facts and issues as tried to the jury. Under the circumstances as here exist, there is no substantial issue of fact remaining to be tried upon defendant's counterclaim; none could remain in view of the identity of the pleadings and issues in the counterclaim and answer, and the jury's verdict in the trial upon plaintiffs' petition. Accordingly, summary judgment was properly entered.

The judgment is affirmed.

DOWD and WOLFE, JJ., concur.