**Ellen R. MILLER, Plaintiff-Appellant,**

v.

**UNITED SECURITY INSURANCE COMPANY, Defendant-Respondent.**

No. 9319.

Missouri Court of Appeals, Springfield District.

June 18, 1973.

L. Thomas Elliston for Myers, Webster, Perry & Elliston, Webb City, for plaintiff-appellant.

Bob J. Keeter, Springfield, for defendant-respondent.

BILLINGS, Judge.

This appeal involves plaintiff's claim under uninsured motorists coverage provisions of defendant's policy. It is novel and unusual since summary judgment in favor of plaintiff was entered for $10,000.00 pursuant to *defendant's* motion for such, and, the summary judgment was based solely upon plaintiff's petition, defendant's unaccepted offer of judgment for $10,000.00, and defendant's motion. We reverse and remand.

In her petition plaintiff alleged she was damaged in excess of the sum of $20,000.00 by reason of personal injuries she sustained in an automobile collision involving a named uninsured motorist on April 27, 1970. Various acts of negligence were charged against the alleged uninsured motorist.

Plaintiff further alleged that the automobile which plaintiff was driving [a Ford owned by her husband] was insured by the defendant and contained uninsured motor-

ists coverage in the sum of $10,000.00, and, that for an additional premium in the same policy the defendant had afforded similar uninsured motorist coverage to her on her own automobile [a Plymouth].

The petition alleged defendant agreed to pay all sums which a person occupying the Ford automobile might be legally entitled to recover as damages from an uninsured motorist and under the coverage on the Plymouth, all sums which plaintiff might be legally entitled to recover as damages from an uninsured motorist. Due compliance by plaintiff with all of the terms and conditions of defendant's policy was averred as well as demand of payment by defendant of the benefits [$20,000.00] under the policy, and the vexatious refusal of defendant to pay plaintiff under the uninsured motorists coverages. Judgment in the sum of $20,000.00 with interest from the date of the demand [August 28, 1970], $2,000.00 for vexatious refusal to pay, and attorney fees in the sum of $6,000.00 was sought by plaintiff.

The defendant did not file an answer to the petition but within the time permitted to file responsive pleadings, filed an offer of judgment under Rule 77.25 V.A.M.R. for $10,000.00 accompanied by its motion for summary judgment.

Defendant's motion for summary judgment alleged as follows: "1. That this is a suit on a policy of insurance under the uninsured motorist coverage. 2. That the defendant . . . issued its Policy . . . to [plaintiff's husband and plaintiff] . . . as shown by the declaration sheet attached hereto, marked Exhibit 'A', and made a part hereof for all purposes. 3. That said policy provided coverage . . . and insured a 1967 Plymouth [owned by plaintiff] . . . and a 1970 Ford [owned by plaintiff's husband] . . . .. 4. That as shown by the coverages and limits of liability of the declaration sheet attached hereto, said policy provided insurance or protection against unin-sured motorists (bodily injury only) in the amount of $10,000.00 per person and $20,000.00 each accident. 5. That attached hereto, marked Exhibit 'B' and made a part hereof for all purposes is a copy of that portion of the policy designated Part IV, Protection Against Uninsured Motorists. 6. That on the 24th day of April, 1970, the plaintiff in the instant case was operating said 1970 Ford Sedan insured by said policy when it was involved in a collision with a 1955 Oldsmobile Sedan in Webster County, Missouri, at a point about 1.8 miles east of Highway A on U.S. Highway 60. 7. That as a result of said collision the plaintiff herein sustained personal injuries. 8. That defendant herein has filed in this cause an Offer of Judgment offering to allow judgment in the amount of $10,000.00 to be entered against it with costs to date. 9. That under the applicable provisions of Part IV of said policy, the maximum amount of liability of the defendant to the plaintiff is limited to $10,000.00. 10. That since the maximum amount recoverable against the defendant under the policy is in the sum of $10,000.00 and defendant has offered to allow judgment to be entered against it in that amount, there is no dispute as to any material fact remaining to be litigated and defendant is entitled to summary judgment. Wherefore, defendant prays for summary judgment in this cause and that said judgment provide that *plaintiff have judgment against the defendant in the* sum of $10,000.00 and costs to the date of judgment." (our emphasis)

Defendant's declaration sheet shows a premium charge of $2.50 for uninsured motorist coverage on the Plymouth automobile and an additional premium charge of $2.00 for similar coverage on the Ford automobile. The limits of liability on each vehicle for uninsured motorists coverage is $10,000.00 for "each person" and $20,000.00 for "each accident".

Defendant's "Part IV, Protection Against Uninsured Motorists", described as

Exhibit B, inter alia, contains the following:

"Coverage J—Uninsured Motorists (Damages for Bodily Injury): To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile . . . .

"Insured means: (a) the named insured and any relative; (b) any other person while occupying an insured automobile, and (c) any person with respect to damages he is entitled to recover because of bodily injury to which this part applies sustained by an insured under (a) or (b) above. The insurance afforded under Part IV applies separately to each insured, but the inclusion herein of more than one insured shall not operate to increase the limit of the company's liability.

. . . . . .

"Limits of Liability: (a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care of loss of service, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care of loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

"(b) Any amount payable under the terms of this Part because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by

"(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury included all sums paid under Coverage A, and

"(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law.

"(c) Any payment made under this Part to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person insured under Coverage A.

"(d) The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II.

"Other Insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this Coverage exceeds the applicable limit of liability for such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similiar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Defendant's motion was not verified and as previously noted no answer to the petition was filed and there were no affidavits, depositions, or admissions before the court. In its order sustaining defendant's motion the court found "that the defendants (sic) have heretofore filed herein an offer of judgment in favor of the plaintiff and against the defendant in the sum of $10,000.00 and the court further finds that said sum is the maximum amount of liability of the defendant to the plaintiff as provided . . . against uninsured motorists and thereupon the court sustains the defendant's motion for a summary judgment.

"Whereupon it is ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of $10,000.00 the amount of her debt and damages so found to be due . . . ."

Plaintiff contends the granting of defendant's motion for summary judgment was error because the court did not find that "no genuine issue of fact existed" [Rule 74.04(c), V.A.M.R.] and did not find that the defendant was "entitled to judgment as a matter of law". [Rule 74.04(h)] Plaintiff says the granting of defendant's motion by the court constitutes, in effect, judicial coercion of acceptance of defendant's offer of judgment and a denial of her "day in court."

On the other hand, and in support of the lower court's action, the defendant argues that since there is only $10,000.00 in coverage available to plaintiff's claim and defendant stood ready to pay that amount into court without proof that the operator of the other vehicle was uninsured, without proof of the allegations of negligence charged against the alleged uninsured motorist, and without proof of plaintiff's actual damages, summary judgment was proper. Thus, defendant argues that since it has offered to allow judgment in the amount of $10,000.00, "the maximum applicable coverage available", there is no dispute as to any material fact and summary judgment is proper.

Supreme Court Rule 74.04 outlines the procedure for summary judgments. Paragraphs (a) and (b) authorizes either a claimant or a defending party to invoke the procedure for a summary judgment "in his favor". Paragraph (c) provides: "Judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." And paragraph (h) of the Rule states "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law."

■ Initially, we observe that in the usual case wherein a summary judgment has been entered, the reviewing court must examine the record in the light most favorable to the party against whom the judgment was entered. Pagan v. City of Kennett, 427 S.W.2d 251 (Mo.App.1968); Elliott v. Harris, 423 S.W.2d 831 (Mo.1968). In this case we have the anomalous situation of the trial court granting defendant's motion for summary judgment but entering judgment in favor of the plaintiff. Because of this unorthodox approach and result we will in this instance review the record in the light most favorable to the plaintiff.

■ A summary judgment is an extreme and drastic remedy. Elliott v. Harris, supra. Such a judgment borders on the denial of due process and trial courts have been warned to use it cautiously. Kroger Company v. Roy Crosby Company, 393 S.W.2d 843 (Mo.App.1965); Cooper v.

Finke, 376 S.W.2d 225 (Mo.1964). Care should be exercised in utilizing the procedure. Stanturf v. Sipes, 447 S.W.2d 558, (Mo.1969), Annot., 35 A.L.R.3rd 834 (1971). And the moving party has the burden to show by "unassailable evidence . . . that he is entitled to summary judgment as a matter of law." Brooks v. Cooksey, 427 S.W.2d 498, 500 (Mo.1968); Pagan v. City of Kennett, supra, 427 S.W.2d at 253.

■■ Defendant's reliance upon its offer of judgment as constituting an acceptable basis for the grant of a summary judgment is misplaced. Rule 77.25, V.A.M.R., which authorizes an offer of judgment, is not a defense to an action and does not bar the further prosecution of a suit. First Federal Savings and Loan Association of St. Joseph v. United States, 288 F.Supp. 477 (W.D.Mo.1968). It was designed for the purpose of permitting a defendant to avoid court costs by making an offer of judgment which if accepted would result in a consent judgment. Fritzche v. East Texas Motor Freight Lines, 405 S.W.2d 541 (Mo.App.1966). We are not cited to any authority and know of none whereby an offer of judgment would rise to the dignity of "pleadings, depositions, . . . admissions . . . affidavits . . . ." [74.04(c)]

■ As previously noted defendant made no attack on plaintiff's petition and did not controvert any of the allegations of her petition by way of an answer. No affidavits were filed in support of the statements contained in its motion for summary judgment. The bare recitals of the motion do not admit the other vehicle involved in the collision was uninsured. While admitting plaintiff was injured it does not admit the nature and extent of her alleged injuries and damages. It is silent as to its alleged vexatious refusal to pay her under its policy. Defendant's motion, being unverified and not supported as provided in Rule 74.04, was a mere naked motion and plaintiff was under no duty to respond to the same. Mound Rose Cornice & S.M. Wks. v. H. Kalicak Const. Co., 454 S.W.2d 603 (Mo.App.1970). This left only plaintiff's petition for the court to consider.

■ The federal rules relating to summary judgment procedures are particularly persuasive in construing Missouri's summary judgment procedures. Elliott v. Harris, supra. On a defendant's motion for summary judgment, where no answer to the complaint has been filed, the allegations of the complaint must be taken as true. Rolle Mfg. Co. v. Marco Chemicals, 92 F.Supp. 218 (D.N.J.1950). In the recent case of Day v. United Automobile, Aero, & Agr. Imp. Wkrs., Local 36, 466 F.2d 83 (6th Cir. 1972), there were no depositions, answers to interrogatories, or admissions of the plaintiff on file and the lower court had granted defendant's motion for summary judgment on the pleadings. The reviewing court said (l.c. 86): "In granting appellees' motions for a summary judgment, the District Court accepted, as true, the allegations in appellant's complaint. The rule governing this case was stated in an earlier adjudication to the effect that where a defendant moved for a summary judgment, the court must accept allegations of complaint as true. Furton v. City of Menasha, 149 F.2d 945 (C.A.7). 'On a motion for summary judgment made by defendants the facts alleged in the petition must be taken as true, unless by the admissions, depositions, and other evidence introduced, it appears beyond genuine controversy otherwise.' McCombs v. West, 155 F.2d 601, 602 (C.A.5; . . . and the court takes as true all well-pleaded facts contained in the complaint as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom. Pittsburgh Hotels Ass'n. Inc. v. Urban Redevelop. Auth., 202 F.Supp. 486 (W.D.Pa.) . . . A summary judgment movant admitted all facts

that have been well pleaded by the plaintiff. Gore v. Northeast Airlines, Inc., 373 F.2d 717 (C.A.2)."

 We recognize that under the federal decisions a defending party may move for a summary judgment *"in his favor"* before pleading to the claimant's claim[1] but as the cases above-cited point out all facts that have been well pleaded by the plaintiff stand admitted. We are therefore of the opinion that the instant plaintiff's petition presents genuine issues and defendant was not entitled to a judgment as a matter of law, either in its favor or in favor of plaintiff for one-half of her claimed damages.

Defendant suggests that we should affirm the lower court's judgment because its policy conclusively shows as a matter of law that the maximum possible recovery to the plaintiff under the uninsured motorist coverages is the sum of $10,000.00 and a major portion of its brief is devoted to this proposition. This contention overlooks the factual issues present in plaintiff's petition. In considering defendant's argument on this matter as premature and declining the opportunity to explore the various thickets in the forest of uninsured motorist coverages, we express no opinion as to the amount of recovery available to plaintiff in this case.[2]

For the reasons indicated the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

TITUS, C. J., and STONE and HOGAN, JJ., concur.

1. 6 J. Moore, Federal Practice § 56.07 (2nd Ed. 1972) ; 3 Barron and Holtzoff, Federal Practice and Procedure, § 1233 (1958) ; 10 Wright and Miller, Federal Practice and Procedure, § 2718 (1973).

2. Cases on similar contentions are collected in Widiss, Uninsured Motorist Coverage, §§ 2.60, 2.61, 2.63 (1969, Supp. 1973) ; See Tassell v. Horace Mann Ins. Co., Minn., 207 N.W.2d 349 (1973) ; Steinhauefel v. Reliance Insurance Companies, et al, 495 S.W.2d 463 (Mo.App., decided May 8, 1973, Missouri Court of Appeals, St. Louis District).