**STATE ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,**

**v.**

**CITY OF ST. LOUIS et al., Respondents.**

**No. 57959.**

Supreme Court of Missouri,
Division No. 2.

May 13, 1974.

Robert L. Hyder, John H. Gladden, Paul Tochtrop, Jefferson City, for appellant.

Robert C. McNicholas, City Counselor, Murphy & Schlapprizzi and Albert Lebowitz, St. Louis, for respondents.

MORGAN, Judge.

The State Highway Commission of Missouri (hereinafter referred to as the commission) sued the City of St. Louis, the Mayor and Comptroller thereof, and the Travelers Indemnity Company that had issued the performance bond of the comptroller (all hereinafter referred to as the city) for $3,553,613.60 alleged to have been due and payable under certain contracts between the commission and the city, whereby the latter had agreed to pay a percentage of the cost of acquiring right-of-way for certain Inter-State Highways traversing the city. Thereafter, the city answered by denying any obligations under the contracts and filed a counter-claim to

recover all payments previously made to the commission under said contracts in the amount of $16,973,006.33. A motion for summary judgment filed by the city was sustained by the trial court and judgment was entered thereon in the amount of $13,568,625.94. The commission has appealed. We reverse and remand.

The contracts between the commission and city were executed in that period of time between the years 1955 and 1968, and each called for a cooperative effort by the parties in acquiring the necessary lands required for right-of-way upon which to construct certain highways within and across the city. Although the percentage varied, each contract called for the city to reimburse the commission for a portion of the expenditures occasioned thereby. Throughout the years the city made payments as indicated but failed to make those for which the commission sued.

The judgment entry was limited to the order sustaining the motion of the city for summary judgment on the commission's petition and the city's counter-claim.

As was said recently in Pitman Mfg. Co. v. Centropolis Transfer Co., 461 S.W.2d 866 (Mo.1970), at l.c. 872: "Summary judgment procedure being an extreme and drastic remedy, must be utilized with great care. A summary judgment is authorized only where 'the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law.' Civil Rule 74.04(h), V.A.M.R. It may be rendered only where the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue of material fact."

Several factual issues have not been resolved, on the record, in this case.. For instance:

1. As to one of the contracts, dated September 16, 1966, and set out in Count IV of the petition, the commission prayed judgment for $2,227,327.18. The city asserted that the contract was ultra vires and violative of Section 26(a) of Article 6 of the 1945 Missouri Constitution, V.A.M.S., which provides: "No county, city, incorporated town or village, school district or other political corporation or subdivision of the state shall become indebted in an amount exceeding in any year the income and revenue provided for such year plus any unencumbered balances from previous years, except as otherwise provided in this constitution." However, the city submitted that: "During said fiscal year of 1966, the total income of the City was $92,062,430.00 . . . which entire income was appropriated in the City's Budget for current expenses of the City's Government for fiscal 1966 . . . No funds were available or budgeted for the aforesaid right-of-way costs of over two million . . . ." Obviously, the validity of the legal argument made would depend on a factual determination as to whether the city expenditures made during the year all had a "priority status" over the amount allegedly due the commission, or whether some of the expenditures made were to deplete revenues and avoid any obligation under the contract. Relevant thereto would have been a factual showing as to what, if any, "unencumbered balances from previous years" were available.

2. As to each contract, the city contended that it did not enter into the same freely and after negotiations, but that the city executed all of the contracts under duress and threats of penalties by the commission. A factual basis to resolve the legal implications of the argument made is not established in the record.

3. Facts to establish the contention of the city that the commission breached the contracts by acting unreasonably and arbitrarily in the exercise of its power to locate and construct highways are not resolved in the record.

Other arguments by both the city and the commission can not be reviewed or resolved by this court absent an effort to develop relevant facts. Since there are gen-

uine issues as to material facts unresolved in this case, it was error to sustain the city's motion for summary judgment. Elliott v. Harris, 423 S.W.2d 831, 834[3] (Mo. banc 1968).

The judgment is reversed and the cause is remanded.

BARDGETT, J., and FINCH, Acting P. J., concur.

HENLEY, P. J., not sitting.