ROBERTSON, Judge.
Appellant filed a petition for declaratory judgment and injunction seeking a declaration that ordinances of the respondent City increased the tax rate above that permitted by Mo. Const, art. X, § 22 and to enjoin further collection of any tax levy greater than that authorized on November 4, 1980, the effective date of that section. Respondent City moved to dismiss appellant’s petition or, in the alternative, for summary judgment. The trial court sustained respondent’s motion. Appellant appealed. We affirm.
I.
On March 18, 1975, the voters of the City of Richmond Heights authorized the issuance of $500,000 in general obligation bonds to finance the cost of acquiring a recreational center for the City. On May 27, 1975, the City approved Ordinance 3239 directing the issuance of the bonds approved by the voters in March and levying a direct annual tax on the taxable, tangible *228 property within the City for purposes of servicing the debt on the bonds.
In July of 1975, the City Council determined that there were sufficient moneys in the general fund to service the bonded indebtedness and that it would not be necessary to collect any debt service tax levy for the bonds for the year 1976. The City continued to service the debt on the bonds from the general fund until August 29, 1983, when the City approved Ordinance No. 3959 and instituted a debt service tax levy of $.10 for each $100 of assessed valuation of tangible, taxable property within the City. The City did not submit Ordinance 3959 to the voters of the City for their approval.
Since August 4, 1980, the City has levied tax at the rate of $1.00 on each $100 of assessed valuation for municipal purposes (the general fund levy). This is the maximum tax rate allowed municipalities without voter approval. Mo. Const, art. X, § 1Kb), (c).
Appellant herein and other resident taxpayers of the City of Richmond Heights filed an action in the Circuit Court of St. Louis County challenging the City’s authority under Mo.Const, art. X, §§ 11(c), 16 and 22, to collect the debt service tax levy instituted by Ordinance 3959 without approval of the voters. Tannenbaum, et al. v. City of Richmond Heights, St. Louis County Circuit Court, No. 500274. On March 6, 1984, the trial court, Ninian Edwards, J., entered its order sustaining the City’s motion to dismiss the plaintiffs’ petition for failure to state a cause of action. The plaintiffs did not appeal.
On August 4, 1984, Ordinance 3999 was approved by the City Council continuing the debt service tax levy of $.10 per $100 assessed valuation for 1984. Appellant filed this action on February 27, 1984, challenging the City’s authority to collect both the $1.00 tax levy and the $.10 bonded indebtedness for 1984.
The City filed a Motion to Dismiss or for Summary Judgment averring alternatively that appellant failed to state a cause of action upon which relief could be granted, and that the appellant’s petition presented no genuine issue of material fact and that the City was entitled to judgment as a matter of law. In support of its position, the City argued that the dismissal of the previous action was entitled to preclusive effect on the determinative legal question involved in this case. The trial court sustained defendant’s motion without expressing reasons for its action. This appeal followed.
II.
At the outset we are confronted with a question of the Court’s jurisdiction. Appellants appealed the trial court’s decision directly to this Court. In Pace v. City of Hannibal, 680 S.W.2d 944 (Mo. banc 1984), this Court determined that the provision vesting jurisdiction of cases brought to enforce § 22, Mo.Const, art. X, § 23, is applicable only when the state is a party to the action. This Court further concluded that § 22 is not a “revenue law,” the construction of which would vest jurisdiction in this Court pursuant to Mo.Const. art. V, § 3. However, as “the parties have come here in good faith to brief and argue the case, we elect to assume jurisdiction”. Pace at 946.
III.
The issue raised by the appellant is whether the restrictions of § 22(a) against raising tax levies without voter approval prevents the imposition of a special bond levy following November 4, 1980, for the purpose of servicing the debt on bonds authorized and issued prior to that date, in addition to maintaining the level of the general property tax levy which previously existed. The City admits that it presently collects a total levy of $1.10 for every $100 assessed valuation. The City further admits that its general fund levy in effect on November 4, 1980, was $1.00 for every $100 assessed valuation. The pertinent *229 question, then, is the propriety of the City levying the sum of the two tax levies.[1]
Mo. Const, art. X, § 11(b) limits taxes imposed by municipalities to $1.00 per $100 assessed valuation. This limitation however, does not “apply to taxes levied for the purpose of paying any bonded debt.” Mo. Const, art. X, § 11(e). Section 22 provides a similar exception to the tax limitation it imposes. That section prevents political subdivisions from “increasing the current levy of an existing tax, ... above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting therein.... ” Mo. Const, art. X, § 22(a). Section 22(b) provides, however, that:
The limitations of this section shall not apply to taxes imposed for the payment of principal and interest on bonds or other evidence of indebtedness or for the payment of assessments on contract obligations in anticipation of which bonds are issued which were authorized prior to the effective date of this section.
Mo. Const, art. X, § 22(b).
Appellant argues that it is the total amount of the tax levy which must be measured against the limitations of § 22(a). The flaw in appellant’s reasoning is her failure to distinguish between taxes imposed pursuant to § 11(b), and taxes imposed to service the debt on bonds approved by voters prior to the effective date of art. X, § 22. Section 22(a) requires voter approval of an increase in the current levy of an existing tax above the current levy authorized by law when that section was adopted. Appellant’s pleadings aver that the general fund tax levy has not been increased since August 3, 1980. Because there has been no increase in the general fund tax levy, the City has not violated the provisions of § 22(a). The fact that the City was able to meet the debt service on the recreational center bonds out of its general fund and thereby avoid collecting a separate recreational center bond tax levy for the years 1975 through 1982 does not destroy the City’s power to impose a bond levy under the authority granted by the people in the 1975 election approving the bonds. The bond levy now imposed by the City falls squarely within the exemption of § 22(b).
Appellant urges, however, that the following language in § 22(a) requires a rollback of the general fund tax levy under these circumstances:
If the definition of the base of an existing tax ... is broadened, the maximum authorized current levy of taxation on the new base in each county or other political subdivision shall be reduced to yield the same estimated gross revenue as on the prior base_

Id.

The phrase “base of an existing tax” is not defined in our Constitution. Accordingly, its meaning must be found from the plain, ordinary and natural meaning as found in the dictionary. Buechner v. Bond, 650 S.W.2d 611 (Mo. banc 1983). “Base” is defined as “the bottom of something considered as its support — that on which something rests or stands.... ” Webster’s Third New International Dictionary, 180 (1964). The “base of an existing tax” is, therefore, that property against which the law allows a government to levy a tax. A broadening of the definition of the base of an existing tax, thus, would necessarily involve the inclusion of new types of property, not previously taxed, within the tax base and against which a tax could be levied. Appellant’s petition does not aver that the definition of the base of an existing tax has been broadened. The point is denied.
Having examined the record in detail, in the light most favorable to the appellant, Elliott v. Harris, 423 S.W.2d 831, 835 (Mo. banc 1968), the Court finds that there is no *230 genuine issue as to any material fact and that respondent City of Richmond Heights is entitled to judgment as a matter of law. Rule 74.04(c). The judgment of the trial court is affirmed.
All concur.

. In submitting this case to this Court, the City has waived its assertion that the preclusive effect of the prior judgment justifies affirmance of the circuit court’s judgment here. We elect to accept the City's waiver and, in our discretion to determine the ratio decidendi for affirming judgments, reach the merits.